Alison L. Lynch (SBN 240346)
Parth P. Jani (SBN 334881)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949) 885-1360
Fax: (949) 885-1380
Alison.Lynch@jacksonlewis.com
Parth.Jani@jacksonlewis.com

Donald E. English, Jr. (SBN 0006210135)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
Tel: (410) 415-2007
Fax: (410) 415-2001
Donald.English@jacksonlewis.com

Attorneys for Defendants
PFIZER INC., TARA PALESH,
JEFF SCOTT and ERIC EICHINGER

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK HAN,<br><br>               Plaintiff,<br><br>vs.<br><br>PFIZER INC.; a Delaware corporation; TARA PALESH, an individual; JEFF SCOTT, an individual; ERIC EICHINGER, an individual and DOES 1 through 100, inclusive,<br><br>               Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, AND 1441**<br><br>State Court Complaint Filed: April 25, 2023<br>Trial Date:               Not Set |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant PFIZER INC. ("Pfizer") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332, and

1441(b) to remove this action from the Superior Court of California for the County of San Francisco based on the grounds of diversity jurisdiction. In support thereof, Pfizer asserts the following:

## DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2. Plaintiff Frank Han filed his Complaint on April 25, 2023, in the Superior Court of the State of California, County of San Francisco. The state court assigned Plaintiff's Complaint with Case No. CGC-23-606080. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A** to the Lynch Decl. filed concurrently with this Notice of Removal. [Lynch Decl., ¶ 2, Exh. A.]

3. Plaintiff served Pfizer a Notice and Acknowledgment of Receipt along with a copy of the Summons and Complaint on June 14, 2023. Pfizer returned the Notice and Acknowledgment of Receipt on July 5, 2023, making its responsive pleading due on or before August 4, 2023. A true and correct copy of the executed Notice and Acknowledgment of Receipt is attached as **Exhibit B** to the Lynch Decl. [Lynch Decl., ¶ 3, Exh. B.]

4. As of the date of this Notice of Removal, **Exhibits A and B** to the Lynch Declaration constitute all of the pleadings served on or served by Pfizer in this matter, and no further proceedings have occurred in the state court. [Lynch Decl., ¶¶ 2-5]

5. This removal is timely because it has been filed within thirty (30) days after Pfizer's return of the Notice and Acknowledgment of Receipt of Plaintiff's Summons and the Complaint, and it thus falls within the time period required by 28 U.S.C. section 1446(b). The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means.

*Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## VENUE IS PROPER

6. A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[s] . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiffs filed the Complaint in Superior Court of California for the County of San Francisco. Venue of this action, thus, lies in the United States District Court for the Northern District of California as this district "embrac[es] the place where" the state action is pending. 28 U.S.C. § 1441(a).

## REMOVAL BASED ON DIVERSITY JURISDICTION

7. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states and, based on the nature of the claims asserted and damages sought by Plaintiff in the Complaint, the matter in controversy exceeds $75,000, exclusive of interest and costs.

**Diversity of Citizenship**

8. This Court has jurisdiction over this action because complete diversity exists between Plaintiff, on the one hand, and Defendants Pfizer, Tara Palesh ("Palesh"), Jeffrey Scott ("Scott"), and Eric Eichinger ("Eichinger") (collectively, "Defendants") on the other hand.

9. **Plaintiff** is a citizen of the State of California and was a citizen at the time of the filing of his Complaint. Furthermore, Plaintiff filed his Complaint in the State of California for the County of San Francisco seeking the protections of the laws of this state. Thus, Plaintiff should properly be construed a citizen of the State of California. *Mondragon v. Capital One Auto Finance*, 736 F3d 880, 886 (9th Cir. 2013) ("Court should consider 'the entire record' to determine whether evidence of residency can properly establish citizenship.'")

10. **Pfizer** is a resident of both the State of Delaware and the State of New York. Pfizer is incorporated in Delaware. *See* 28 U.S.C. § 1332(c)(1). [Lynch Decl. ¶ 7, Exh. D.] Furthermore, Pfizer's principal place of business is in New York. [Pfizer Company Fact Sheet, *available at* https://www.pfizer.com/news/media-resources/press-kits/corporate-media-kit.] Specifically, at the time of the filing of the Complaint, Pfizer's headquarters and principal place of business was at 66 Hudson Yards, New York, NY 10001. [*Id.*] As of the date of this Notice of Removal, Pfizer's headquarters and principal place of business remain in New York, NY. [*Id.*, Declaration of Eric Eichinger ¶ 2.] From the executive and administrative offices at this location, Pfizer's officers direct, control, and coordinate its nationwide services and overall business operations. [Eichinger Decl. ¶ 2.] Pfizer's corporate officers perform their primary fundamental operations out of New York, not California. [*Id.*] Pfizer is thus a citizen of Delaware and New York for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

11. **Palesh** is, and was at the time this action commenced in state court, an individual residing in New York, New York. [Palesh Decl., ¶ 2.]

12. **Scott** is, and was at the time this action commenced in state court, an individual residing in Wynnewood, Pennsylvania. [Scott Decl., ¶ 2.]

13. **Eichinger** is, and was at the time this action commenced in state court, an individual residing in Malvern, Pennsylvania. [Eichinger Decl., ¶ 4.]

14. Accordingly, complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. section 1332.

**Basis for Amount in Controversy**

15. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds

$75,000. 28 U.S.C. §1332(a). The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.") A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997). Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *See e.g.*, *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.").

16. In determining whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"), citing also *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of

the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

17. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Court may examine the nature of the action and the relief sought, and may take judicial notice of attorney's fee awards in similar cases. *See*, e.g., *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

18. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

19. Here, Plaintiff seeks: 1) economic, non-economic, general and compensatory dames, including but not limited to lost wages and employment benefits at the prevailing rate and other special damages according to proof; 2) mental and emotional distress damages; 3) punitive and exemplary damages; 4) award of interest, including prejudgment interest; 5) equitable remedies including injunctive and declaratory relief; 6) interest accrued to date; 7) costs of suit, including reasonable attorneys' fees and costs, including expert witness fees; 8) reinstatement to is job; and 9) other and further relief deemed just and proper [Exh. A.]

20. **Special Damages for Economic Loss**: Plaintiff alleges that he suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. [Exh. A, ¶¶ 37, 44, 56, 75, 82 and Prayer for Relief, ¶ 1]. FEHA provides for an award to successful plaintiffs of lost wages including front pay, which is

the salary and benefits a plaintiff would have earned from the date of employment termination through the time when the plaintiff should reasonably be expected to find comparable employment. The proper measure of front-pay damages is the amount necessary to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer. *Allen v. Cornish & Carey*, NO. 96-20254 SW, 1997 U.S. Dist. LEXIS 14071, at *18 (N.D. Cal. Apr. 11, 1997) citing *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1987). Pfizer has a reasonable good faith belief that Plaintiff seeks damages for lost wages and front pay on his FEHA claims near if not in excess of the jurisdictional requirement of $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

    a. At the time of his alleged termination on December 4, 2022, Plaintiff earned an annual base salary of $197,910.00 which is approximately $95.14 per hour as an employee of Pfizer. [Kelly Decl., ¶ 4; Palesh Decl., ¶ 4.]  Between his December 4, 2022 termination and the date of filing of this lawsuit, Plaintiff's back pay alone is $73,067.52[1]. Additionally, between his December 4, 2022 termination and the date of filing of this removal, Plaintiff's back pay is $126,345.92[2].

    b. Assuming that Plaintiff takes this matter to trial exactly 18 months from the date of filing of the Complaint, and assuming he does not obtain other employment, Plaintiff would accrue additional back pay in the amount of $274,003.20. Combined with Plaintiff's lost wages from termination to date of filing of lawsuit, Plaintiff's total claim for back pay would amount to $347,070.72.

    c. Assuming that Plaintiff also recovers front pay for 6 months, this front pay alone would be $91,334.40, not including emotional distress damages or

---

[1] (96 working days x 8 hours a day x $95.14)
[2] (166 working days x 8 hours a day x $95.14)

punite damages.

21. **Emotional Distress Damages**: Plaintiff seeks damages for anxiety, worry, embarrassment, humiliation, mental anguish and emotional distress in an unspecified amount. [Exh. A, ¶¶ 38, 45, 52, 57, 65, 76, 83 and Prayer for Relief ¶ 2.] Although Pfizer vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the emotional damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *See*, *e.g*. *Swinton v. Potomac Corp*., 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

22. **Punitive Damages**: Plaintiff also seeks punitive damages. [Exh. A, ¶¶ 40, 47, 58, 66, 78, 84 and Prayer for Relief, ¶ 3.] Although Pfizer vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *Ponce v. Medical Eyeglass Ctr., Inc*., 2015 U.S. Dist. LEXIS 98517, at *11-12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

23. **Attorneys' Fees**: Plaintiff also seeks to recover attorneys' fees under FEHA, [Exh. A, ¶¶ 39, 46, 57, 77 and Prayer for Relief, ¶ 7.] Attorneys' fees are recoverable to the prevailing party under FEHA. Plaintiff's claims for attorneys' fees will likely exceed $75,000.00. Pfizer's counsel, Alison L. Lynch, has represented employers in employment litigation for over 18 years in California, and is familiar with fees requested by Plaintiff's counsel in similar actions filed in California state and federal courts. [Lynch. Decl. ¶ 8.] Based on Plaintiff's allegations, it would not be unreasonable to

expect that attorneys' fees will exceed the sum of **$75,000.00** for Plaintiff through trial. [*Id.*]

24. Accordingly, given the amounts of the potential damages at issue as outlined above, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover in excess of $75,000 should she prevail. *Anthony v. Security Pacific Fin. Servs.*, Inc., 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

25. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. sections 1331 and 1332, and this action may be removed by Pfizer to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## NOTICE TO ALL PARTIES AND STATE COURT

26. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk and the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

## CONCLUSION

27. Based on the foregoing, Pfizer removes this action to this court pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441, et seq. because the action is between citizens of different states and on the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

28. WHEREFORE, Pfizer respectfully removes the above action pending in the San Francisco County Superior Court.

///
///
///
///

| | |
|---|---|
| DATED: August 4, 2023 | JACKSON LEWIS P.C.<br><br>By: /s/ Alison L. Lynch<br>   Alison L. Lynch<br>   Donald E. English, Jr.<br>   Parth P. Jani<br><br>Attorneys for Defendants<br>PFIZER INC., TARA PALESH,<br>JEFF SCOTT and ERIC EICHINGER |

4883-2400-4212, v. 2

| | |
|---|---|
| CASE NO.: | 1 | PROOF OF SERVICE |