1  Michael Alder (SBN 170381)
   cmalder@alderlaw.com
2  Zulma A. Munoz (SBN 325531)
   zmunoz@alderlaw.com
3  **ALDERLAW, PC**
   12800 Riverside Drive, 2nd Floor
4  Valley Village, CA 91607
   Tel:  (310) 275-9131
5  Fax:  (310) 275-9132

6  Steven M. Sweat (SBN 181867)
   ssweat@stevensweatapc.com
7  **STEVEN M. SWEAT, PERSONAL INJURY LAWYERS, APC**
   11400 W. Olympic Blvd., #218
8  Los Angeles, CA 90064
   Tel:  (323) 944-0993
9  Fax:  (323) 592-3163

10  *Attorneys for Plaintiff,* FRANK HAN

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**04/25/2023**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

11
12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13              **FOR THE COUNTY SAN FRANCISCO**

                                                **CGC-23-606080**

14  FRANK HAN, an individual,              Case No.:

15              PLAINTIFF,                 **COMPLAINT FOR DAMAGES:**

16      v.                                 1.  **Whistleblower (Cal. Lab. Code § 1102.5)**
                                           2.  **Hostile Work Environment;**
17  PFIZER INC., a Delaware Corporation;   3.  **Harassment;**
    TARA PALESH, an individual; JEFF       4.  **Failure to Prevent, Harassment, and**
18  SCOTT; an individual; ERIC EICHINGER;      **Retaliation;**
    an individual; and DOES 1 through 100, 5.  **Intentional Infliction of Emotional**
19  inclusive,                                 **Distress;**
                                           6.  **Violation of Business & Professions Code**
20              DEFENDANTS.                    **§17200-17208;**
                                           7.  **Retaliation in Violation of**
21                                             **Government Code §12900,** *et seq.***;**
                                               **and**
22                                         8.  **Wrongful Termination in Violation**
                                               **of Public Policy.**
23

24      PLAINTIFF FRANK HAN, by and through his attorneys of record herein, brings this

25  complaint against DEFENDANTS PFIZER INC., TARA PALESH, JEFF SCOTT, ERIC

26  EICHINGER and DOES 1 through 100 (collectively "DEFENDANTS") as follows:

27

28

*(left margin, vertical text)* **Alder Law, P.C.** 12800 Riverside Drive, 2nd Floor Valley Village, CA 91607

I.      **GENERAL ALLEGATIONS**

1.      At all relevant times, PLAINTIFF FRANK HAN (hereinafter referred to as "PLAINTIFF") is an individual residing in the County of Alameda, State of California, and was an employee of DEFENDANT PFIZER INC.  At all relevant times, DEFENDANT PFIZER INC., was and now is a Delaware limited liability corporation, existing, doing business as PFIZER INC. (hereinafter referred to as "EMPLOYER" or "PFIZER"), and employing individuals in the County of San Francisco, State of California. PLAINTIFF is informed and believes that DEFENDANT PFIZER INC. is a Delaware limited liability company doing business in the County of San Francisco, California, and operating in and under the laws of the State of California. DEFENDANT PFIZER'S headquarters is in New York. DEFENDANT TARA PALESH (hereinafter "PALESH"), DEFENDANT JEFF SCOTT (hereinafter "SCOTT"), and DEFENDANT ERIC EICHINGER (hereinafter "EICHINGER"), were all individuals with managerial authority for DEFENDANT PFIZER INC. DEFENDANT PALESH resides in the County of New York, New York, and the residencies for DEFENDANTS SCOTT and EICHINGER are unknown to PLAINTIFF. The true names of the DEFENDANTS named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to the PLAINTIFF who, therefore sues such DEFENDANTS by fictitious names pursuant to California Code of Civil Procedure section 474. PLAINTIFF is informed and believes, and on that basis alleges that each DEFENDANT sued under such fictitious name is in some manner responsible for the wrongs and the damages as alleged below, and in so acting was functioning as the owner, shareholder, agent, servant, partner, joint venturer, alter-ego, employee, proxy, managing agent, and principal of the CO-DEFENDANTS, and in doing the actions mentioned below was acting, at least in part, within the course and scope of their authority as such agent, servant, proxy, partner, joint venturer, employee, alter-ego, managing agent, and principal with the permission and consent of the DEFENDANTS.

2.      The true names and capacities of DEFENDANTs DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to PLAINTIFF at the time of filing this Complaint and PLAINTIFF, therefore, sues said DEFENDANTS by such fictitious

**COMPLAINT FOR DAMAGES**

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained. PLAINTIFF is informed and believes, and based thereon alleges, that each of the DOE DEFENDANTS is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to PLAINTIFF as herein alleged.

3.     At all times herein mentioned, DEFENDANTS were acting as agents and/or employees of each of the remaining DEFENDANTS, and were, at all times herein mentions, acting within the scope of said agency and employment, except where alleged to the contrary.

4.     Whenever in this Complaint reference is made to any act of DEFENDANTS, such allegations shall be deemed to mean all named DEFENDANTS and DOES 1 through 100, or their officers, agents, managers, representatives, employees, heirs, assignees, customers and tenants, did or authorized such acts while actively engaged in the operation, management, direction or control of the affairs of DEFENDANTS and while acting within the course and scope of their duties.

## II.     **JURISDICTION AND VENUE**

5.     Venue is proper in San Francisco County because: (1) the employment relationship between PLAINTIFF and EMPLOYER arose and was performed here; (2) the injuries alleged herein occurred here; (3) the unlawful discriminatory and retaliatory practices alleged were committed here; (4) the records relevant to the unlawful discriminatory practices were maintained and administered here; and (5) PLAINTIFF would have worked here but for the alleged unlawful practices. This court is the proper court because the amount at issue exceeds the jurisdictional minimum of this court.

6.     At all times herein, PLAINTIFF was duly qualified and did perform his employment duties in a satisfactory manner. PLAINTIFF performed and was willing to continue to perform all duties and responsibilities on his part to be performed, which duties and responsibilities were part of the employment relationship between EMPLOYER and PLAINTIFF. At all times, PLAINTIFF was an "employee" as that term is defined by California Government Code § 12926(c). As an employee of DEFENDANT PFIZER, PLAINTIFF was entitled to all of the benefits provided by EMPLOYER'S personnel policies, procedures and practices, and those

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**COMPLAINT FOR DAMAGES**

confirmed in the by-laws governing said organization. At all times, DEFENDANT PFIZER INC.
is and was an "EMPLOYER" within the meaning of California Government Code § 12926(d).
Hereinafter in the Complaint, unless otherwise specified, reference to a DEFENDANT or
DEFENDANTS shall refer to all DEFENDANTS, and each of them.

**III.**    **EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

7.    On February 24, 2023, prior to initiating this complaint, PLAINTIFF filed with the
Department of Fair Employment and Housing (hereinafter "DFEH"), a Complaint of
Discrimination, Harassment, and Retaliation against DEFENDANT PFIZER. On February 24,
2023, the DFEH issued a Notice of Case Closure and Right-to-Sue letter to PLAINTIFF,
authorizing him to file a private lawsuit against DEFENDANTS in order to enforce his rights to
full and equal employment opportunities free from unlawful discrimination and retaliation.
Attached hereto as **Exhibit 1** is the Right-to-Sue letter.  PLAINTIFF has therefore exhausted all
administrative remedies as a prerequisite to filing this action.

**IV.**    **STATEMENT OF FACTS**

8.    PLAINTIFF worked for DEFENDANTS from May 2017 until November 2022.
DEFENDANTS hired PLAINTIFF as an Associate Director and Group Lead for Clinical
Programming.  DEFENDANTS promoted PLAINTIFF to Director of Global Compliance
Analytics in 2018.  PLAINTIFF remained in that role until the date of his termination on
November 3, 2022.  DEFENDANT PALESH supervised PLAINTIFF during his employment with
DEFENDANT PFIZER.

9.    On or around August 6, 2021, PLAINTIFF was scored a 5.2 / 5 on his performance
review by PALESH for completing two innovative and challenging breakthroughs.

10.    On or around November 4, 2021, PLAINTIFF developed and presented a new
algorithm on analysis of PFIZER'S global external fundings (between Q2 of 2019 through Q3 of
2021) to Potentially Influential Government Officials ("PIGOs") to detect fraud. While
developing this algorithm, PLAINTIFF discovered that DEFENDANTS spent over ten times the
amount of money on PIGOs in China than they had spent on other countries during the same time
frame. Specifically, PLAINTIFF discovered that DEFENDANT PFIZER had spent $12 million in

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**COMPLAINT FOR DAMAGES**

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

the United States, $11 million in Canada, $7.5 million in Russia, and $7.1 million in the United Kingdom during this time frame but had spent *$168 million* on PIGOs in China between Q2 of 2019 through Q3 of 2021. Out of the $168 million PFIZER had spent on PIGOs in China during this time, $138 million had gone to corporate sponsorships. By way of comparison, DEFENDANT PFIZER had spent just $2 million on corporate sponsorships in the United States during this time.

11.     Upon discovery, PLAINTIFF raised these compliance concerns and potential Foreign Corrupt Practices Act ("FCPA") violations to his immediate supervisor PALESH, and colleagues Ben Brackbill (Director, Reporting and Analytics Lead), and Steven Kim (Director, Global Compliance Analytics) in virtual meeting presentation on November 4, 2021.  However, PLAINTIFF was never informed of any investigation conducted and/or whether or not the concerns were raised to higher ups in the company.

12.     On or around January 21, 2022, PLAINTIFF was scored 4.8/5 by PALESH in his performance review. PALESH indicated that PLAINTIFF'S work was not translating into "end products." During this review, PALESH began baselessly critiquing his work, berating him, and impeding his ability to perform his job.

13.     On or around March 2, 2022, PLAINTIFF had a one-on-one meeting with PALESH where PALESH screamed at PLAINTIFF about his work which caused PLAINTIFF undue stress.  It was clear to PLAINTIFF that PALESH'S statements and actions were in retaliation to his complaints about the fraudulent activity he had uncovered.

14.     On or around March 30, 2022, PLAINTIFF was issued his first performance feedback by PALESH. During this interaction, PLAINTIFF informed PALESH that he was overwhelmed with work and the situation he reported.

15.     On or around March 31, 2022, PLAINTIFF reported PALESH's harassing and retaliatory treatment to his manager, DEFENDANT SCOTT.

16.     On or around April 4, 2022, PLAINTIFF also reported PALESH'S retaliatory conduct to DEFENDANT PFIZER'S Ombudsman Advisor Lourdes Delgado-Cheers. PLAINTIFF informed SCOTT and Ms. Delgado-Cheers about PALESH'S retaliatory and harassing behavior.

PLAINTIFF told both SCOTT and Ms. Delgado-Cheers that PALESH'S improper behavior fit all the signs of harassment (as stated in the PFIZER Harassment Training) and that it had created a hostile work environment for him. On that same day, PLAINTIFF spoke to SCOTT and asked if he could temporarily not report to PALESH until the situation improved and/or was investigated by management. However, PLAINTIFF was told that if he wanted to continue to work for DEFENDANT PFIZER, he had to report to PALESH.

17.     On or around May 4, 2022, PALESH issued PLAINTIFF a second negative Performance Feedback. PALESH wrongly accused PLAINTIFF of project delays and advised PLAINTIFF to quit his employment with DEFENDANT PFIZER.

18.     On or around August 1, 2022, PALESH issued PLAINTIFF a 1.6/5 on his Performance Review. This review explicitly acknowledges that PALESH had given him a low performance rating for working on compliance irregularities, because his project "was not work that was required and currently there is no use case to leverage the work."

19.     On or around August 3, 2022, PALESH sent PLAINTIFF a "Final Notice of Underperformance" and noted that PLAINTIFF "embarked on a Global Security analysis that was not required or validated as useful … instead of focusing on higher priority work as [he was] coached."  PALESH made it clear that PLAINTIFF was being punished for uncovering the fraud.

20.     On or around August 5, 2022, PLAINTIFF continued to report his concerns about Ms. PALESH's improper conduct (as well as the fraud he had discovered) to Ms. Delgado-Cheers. In response, Ms. Delgado-Cheers recommended to PLAINTIFF that he present his performance rebuttal to the chain of command of the Compliance Division based on DEFENDANT PFIZER's so-called open-door policy.

21.     On or around August 21, 2022, PLAINTIFF submitted his rebuttal letter against PALESH'S unfair performance review and once again raised the FCPA concerns.

22.     On or around September 1, 2022, PLAINTIFF met with DEFENDANT PFIZER'S Human Resource Manager, Eric EICHINGER. DEFENDANT EICHINGER broke down PLAINTIFF'S concerns in PLAINTIFF'S rebuttal letter into three categories: (1) employee relation issues between PLAINTIFF and PALESH; (2) performance review issues; and (3)

business issues. As to (1), EICHINGER told PLAINTIFF that he would investigate PLAINTIFF'S concerns.  Regarding (2), EICHINGER told PLAINTIFF he would have SCOTT investigate. Regarding (3), EICHINGER told PLAINTIFF that DEFENDANT PFIZER'S audit team would investigate the business concerns. PLAINTIFF was only ever contacted by the audit team for an initial discussion.

23.     On or around September 12, 2022, PLAINTIFF spoke to Jane Gerasimova and Brian Badal from DEFENDANT PFIZER's Corporate Investigation team and once again raised concerns about the FCPA violations. In response, EICHINGER told PLAINTIFF: "Per corporate audit's investigative process, no further action has been deemed necessary."

24.     On or around September 20, 2022, PLAINTIFF met with SCOTT in regard to the Independent Performance Review investigation that was to be conducted by SCOTT. To date, PLAINTIFF has never been informed of any outcome regarding said investigation by SCOTT.

25.     On or around October 12, 2022, Mr. EICHINGER allegedly concluded his investigation and left PLAINTIFF with the impression that he would inform PLAINTIFF of the investigation results. To date, PLAINTIFF has never been informed of any outcome of said investigation.

26.     On or around October 17, 2022, PALESH issued PLAINTIFF a Notice of Underperformance. That same day, PLAINTIFF reached out to DEFENDANT PFIZER'S Ombudsman Advisor Lourdes Delgado-Cheers about the lack of transparency in the investigations. PLAINTIFF informed the Ombudsman that, due to lack of transparency, PLAINTIFF was left no choice but to report the DEFENDANTS to the Securities and Exchange Commission ("SEC") for the perceived FCPA violations.

27.     On or around October 22, 2022, PLAINTIFF filed a report with the SEC. PLAINTIFF reported the same fraud discussed at length above and the misrepresentation and  corruption concerns he had repeatedly raised to the DEFENDANTS.

28.     On or around November 3, 2022, after various rescheduled one-on-one meetings, PALESH scheduled a virtual meeting with PLAINTIFF and DEFENDANT PFIZER's HR Representative Kisha Daniels (hereinafter "Ms. Daniels"). Prior to this meeting, PLAINTIFF was

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**COMPLAINT FOR DAMAGES**

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

1    not informed that Ms. Daniel's would be included in the discussion with PALESH. To

2    PLAINTIFF's surprise, PALESH announced the termination and asked PLAINTIFF to verify his

3    personal email address and indicated she would be sending him the separation package via email.

4         29.    On or around November 4, 2022, PLAINTIFF received a separation email to his

5    personal email address.

**FIRST CAUSE OF ACTION**
**Whistleblower**
**[Cal. Lab. Code § 1102.5]**
**(By PLAINTIFF Against DEFENDANT Employer)**

9         30.    PLAINTIFF restates and incorporates by this reference each and every preceding

10   paragraph in this complaint as though full set forth at this point.

11        31.    California Labor Code § 1102.5 prohibits employers from retaliating against

12   employees who engage in protected "whistleblowing" activities when the employee has reasonable

13   cause to believe that the information discloses a violation of state or federal statute. In addition,

14   California Labor Code § 1102.5 subd. (b) forbids retaliation if the employee disclosed, or the

15   employer believes he/she disclosed "to a person with authority over the employee or another

16   employee who has the authority to investigate, discover, or correct the violation or

17   noncompliance."

18        32.    DEFENDANTS terminated PLAINTIFF in retaliation for disclosing information

19   and/or refusing to participate in an unlawful act. Cal. Lab. Code. § 1102.5. DEFENDANTS

20   believed and were aware that PLAINTIFF disclosed to a government agency and/or law

21   enforcement agency the compliance irregularities and/or fraudulent activity.

22        33.    PLAINTIFF reasonably believed that DEFENDANT PFIZER's policies violated

23   federal, state, or local statutes, rules or regulations.

24        34.    PLAINTIFF informed DEFENDANTS that he had no choice but to provide

25   information to the SEC for it to conduct an investigation into PLAINTIFF's compliance concerns.

26   PLAINTIFF had a reasonable cause to believe that the information disclosed was a violation of a

27   local, state and/or federal statute, rule or regulation.

28   / / /

8

**COMPLAINT FOR DAMAGES**

35.    DEFENDANTS terminated PLAINTIFF because he reported the noncompliance concerns, and PLAINTIFF was retaliated by a person "acting on behalf of the employer."  Cal. Lab. Code. § 1102.5(a)-(d).  Further, PLAINTIFF'S disclosure of information was a contributing factor in DEFENDANTS' decision to terminate PLAINTIFF.

36.    As a proximate result of DEFENDANTS' conduct and pursuant to Labor Code § 1102.5(f), PLAINTIFF was harmed and DEFENDANTS are liable to PLAINTIFF for a civil penalty.  DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF's harm.

37.    As a further proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.  PLAINTIFF claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

38.    As a further proximate result of the wrongful acts of DEFENDANTS, and each of them, PLAINTIFF has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result.  PLAINTIFF is informed and believes and thereon alleges that he will continue to experience said pain and mental and emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

39.    As a further proximate result of the wrongful acts of DEFENDANTS, and each of them, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover such attorneys' fees and costs under Labor Code § 1102.5(j) and/or any other provision of law providing for attorneys' fees and costs.

40.    The acts taken toward PLAINTIFF were carried out by and/or ratified by DEFENDANTS and/or managing agent employees of DEFENDANTS acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**COMPLAINT FOR DAMAGES**

1   and damage PLAINTIFF, thereby justifying an award to him of punitive damages in a sum

2   appropriate to punish and make an example of DEFENDANTS.

3                        **SECOND CAUSE OF ACTION**
                          **Hostile Work Environment**
4                 **[California Government Code §§ 12940 *et seq.*]**
                  **(By PLAINTIFF against DEFENDANT Employer)**
5

6       41.     PLAINTIFF restates and incorporates by this reference each and every preceding

7   paragraph in this complaint as though full set forth at this point.

8       42.     At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*,

9   was in full force and effect and was binding on DEFENDANTS. This statute requires

10  DEFENDANTS to refrain from harassing any employee because he or she is part of a protected

11  class.

12      43.     PLAINTIFF was subjected to harassing conduct through a hostile work

13  environment, in whole or in part, after PLAINTIFF submitted a formal complaint. Pursuant to

14  Government Code section 12923(b), a single incident or harassing conduct is sufficient to create a

15  hostile work environment if the harassing conduct has unreasonably interfered with PLAINTIFF's

16  work performance or created an intimidating, hostile, or offensive working environment.

17      44.     As a proximate result of DEFENDANTS' willful, knowing, and intentional

18  harassment of PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses

19  of earnings and other employment benefits.

20      45.     As a proximate result of DEFENDANTS' willful knowing, and intentional

21  harassment of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation,

22  emotional distress, and mental and physical pain and anguish, all to his damage in a sum according

23  to proof.

24      46.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

25  Pursuant to Government Code section 12965(b), PLAINTIFF is entitled to recover reasonable

26  attorneys' fees and costs (including expert costs) in an amount according to proof.

27  / / /

28  / / /

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**COMPLAINT FOR DAMAGES**

47. DEFENDANTS' harassment was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles PLAINTIFF to punitive damages against DEFENDANTS.

### THIRD CAUSE OF ACTION
#### Harassment
**[Violation of FEHA, California Government Code § 12940, *et seq*.]**
**(By PLAINTIFF against all DEFENDANTS)**

48. PLAINTIFF restates and incorporates by this reference each and every preceding paragraph in this complaint as though full set forth at this point.

49. California Government Code provides that it shall be unlawful for an employer or for any person to harass an employee because of a person's complaint. *See* Cal. Gov't Code § 12940.

50. As alleged above, during PLAINTIFF'S employment with DEFENDANTS, DEFENDANTS intentionally engaged in harassment of PLAINTIFF. DEFENDANTS, including through their managers and supervisors, acted in a manner that was antagonistic to PLAINTIFF and which exhibited harassing motivations, intentions, and consciousness. A reasonable person subjected to the harassing conduct would find, as PLAINTIFF did, that the harassment so altered PLAINTIFF's working conditions as to make it more difficult to do his job.

51. The doctrines of equitable tolling and continuing violations apply to PLAINTIFF'S claim of harassment. *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798 (2001) (an employee is not required to file a lawsuit the moment conditions become intolerable for the employee); *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88 (2008).

52. As a proximate result of DEFENDANTS' willful, knowing, and intentional harassment against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other employment benefits, and has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

/ / /

/ / /

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

---

11

**COMPLAINT FOR DAMAGES**

**FOURTH CAUSE OF ACTION**
**Failure to Prevent, Investigate, and Remedy Harassment, or Retaliation**
**[Violation of the FEHA, Cal. Gov't Code § 12940(k)]**
**(By PLAINTIFF against DEFENDANT Employer)**

53.     PLAINTIFF restates and incorporates by this reference each and every preceding

paragraph in this complaint as though full set forth at this point.

54.     California law requires employers to "take all reasonable steps necessary to

prevent" and correct wrongful behavior, including but not limited to, discriminatory and harassing

behavior in the workplace.  *See* Cal. Gov't Code §12940(k); *see also* Cal. Gov't Code § 12940(j).

("Harassment of an employee … shall be unlawful if the entity, or its agents or supervisors, knows

or should have known of this conduct and fails to take immediate and appropriate corrective

action.").

55.     As alleged herein and above, DEFENDANTS violated California law by failing to

take all reasonable steps necessary to prevent the harassment, discrimination, and retaliation from

occurring.  *See* Cal. Gov't. Code § 12940(k).

56.     As a proximate result of DEFENDANTS' willful, knowing, and intentional failure

to prevent, investigate or remedy harassment, discrimination, and retaliation against PLAINTIFF,

PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other

employment benefits.

57.     As a proximate result of DEFENDANTS' willful, knowing, and intentional failure

to prevent, investigate, or remedy discrimination, harassment, or retaliation against PLAINTIFF,

PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and

physical pain and anguish, all to his damage in a sum according to proof.  PLAINTIFF has incurred

and continues to incur legal expenses and

attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFF is entitled

to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to

proof.

58.     DEFENDANTS committed the acts herein despicably, maliciously, fraudulently,

and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF

is thus entitled to punitive damages from DEFENDANTS in an amount according to proof.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### [California Gov. Code 12965(b) and Gov. Code Section 12900 *et seq*.]
### (By PLAINTIFF against DEFENDANT Employer)

59.     PLAINTIFF restates and incorporated by this reference each and every preceding

paragraph in this complaint as though fully set forth at this point.

60.     The above-referenced conduct was extreme, outrageous and beyond all possible

bounds of human decency as DEFENDANTS knew and condoned the intentional conduct of its

agents, which conduct is regarded as atrocious and utterly intolerable in an employment

environment or civilized community matter.

61.     DEFENDANTS conduct was done with reckless disregard of the probability of

causing PLAINTIFF emotional distress or with the intent of causing PLAINTIFF to suffer

emotional distress.

62.     PLAINTIFF did in fact suffer severe emotional distress. PLAINTIFF'S emotional

distress was a direct and proximate result of outrageous conduct of DEFENDANTS.

63.     Moreover, DEFENDANTS' conduct was oppressive, fraudulent, malicious,

despicable, and was carried on by DEFENDANTS with willful disregard of the rights or safety of

PLAINTIFF. DEFENDANTS therefore subjected PLAINTIFF to cruel and unjust hardship in

conscious disregard of PLAINTIFF's rights.

64.     As a further proximate result of DEFENDANTS' actions against PLAINTIFF, as

alleged above, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental

anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.

PLAINTIFF is thereby entitled to general and compensatory damages in an amount to be proven at

trial.

65.     PLAINTIFF is further informed and believes that each business or employer,

through its officers, directors and managing agents, and each individual has advanced knowledge

of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it,

Alder Law, P.C.
12800 Riverside Drive, 2ⁿᵈ Floor
Valley Village, CA 91607

13

**COMPLAINT FOR DAMAGES**

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

1   with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious

2   consequences of DEFENDANTS' actions, and after becoming aware of their wrongful conduct,

3   each DEFENDANT and DOES 1 through 100 by and through its agents, and each individual

4   DEFENDANT and DOES 1 through 100, authorized and ratified the wrongful conduct herein

5   alleged. Accordingly, PLAINTIFF seeks an award of punitive and exemplary damages in an

6   amount according to proof.

**SIXTH CAUSE OF ACTION**
**Violation of Business & Professions**
**[Code §17200-17208]**
**(By PLAINTIFF against DEFENDANT Employer)**

10       66.    PLAINTIFF restates and incorporates by this reference each and every preceding

11   paragraph in this complaint as though full set forth at this point.

12       67.    California Business & Professions Code §§ 17200-*et seq*. prohibits acts of unfair

13   competition, which includes any "unlawful and unfair business practices."  It is the policy of this

14   State to enforce minimum labor standards, to ensure that employees are not required or permitted

15   to work under substandard and unlawful conditions, and to protect those employers who comply

16   with the law from losing competitive advantage to other employers who fail to comply with labor

17   standards and requirements.

18       68.    Through the conduct alleged herein, DEFENDANTS acted contrary to these public

19   policies and has engaged in unlawful and/or unfair business practices in violation of Business &

20   Professions Code §§17200, *et seq*. depriving PLAINTIFF his rights, benefits, and privileges

21   guaranteed to employees under California law.

22       69.    Additionally, and throughout PLAINTIFF'S employment with DEFENDANTS,

23   DEFENDANTS have committed unlawful, unfair, and/or fraudulent business acts and practices as

24   defined and in violation of Business & Professions Code §§17200 by failing to pay overtime

25   wages, to provide meal and rest breaks, to pay wages due at the time of separation, to furnish

26   timely and accurate wage statements, to remit gratuities, and to reimburse business expenses in

27   violation of California law.

28   / / /

**COMPLAINT FOR DAMAGES**

70.     By engaging in these business practices, which are unfair business practices within the meaning of Business & Professions Code §§17200 *et. seq*., DEFENDANTS have reaped unfair benefits and illegal profits at the expense of PLAINTIFF. DEFENDANTS must disgorge these ill-gotten gains and restore to PLAINTIFF the wrongfully withheld wages pursuant to section 17203 of the California Business and Professions Code.

**SEVENTH CAUSE OF ACTION**
**Retaliation In Violation of Public Policy**
**[Government Code § 12900, *et seq.*]**
**(By PLAINTIFF against DEFENDANT Employer)**

71.     PLAINTIFF restates and incorporates by this reference each and every preceding paragraph in this complaint as though full set forth at this point.  At all times herein mentioned, the FEHA was in full force and effect and was binding on DEFENDANTS.  This statute requires DEFENDANTS to refrain from retaliating against any employee for opposing practices forbidden by the FEHA or who asserts rights under FEHA, including complaining of discrimination or harassment.

72.     DEFENDANTS, through their agents and supervisors, took actions and made a number of comments to and about PLAINTIFF that exhibited discriminatory, harassing and retaliatory motivations, intentions, and consciousness.

73.     The decision to terminate PLAINTIFF's employment was in retaliation for PLAINTIFF engaging in protected activity, including his complaints described above.

74.     The doctrines of equitable tolling and continuing violations apply to PLAINTIFF'S claims of retaliation.  *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798 (2001); *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88 (2008).

75.     As a proximate result of DEFENDANTS' willful, knowing, and intentional retaliation against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other employment benefits.

76.     As a proximate result of DEFENDANTS' willful, knowing, and intentional retaliation against PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation,

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**COMPLAINT FOR DAMAGES**

1   emotional distress, and mental and physical pain and anguish, all to his damage in a sum according

2   to proof.

3        77.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

4   Pursuant to California Government Code section 12965(b), PLAINTIFF is entitled to recover

5   reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

6        78.     DEFENDANTS committed the acts herein despicably, maliciously, fraudulently,

7   and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil

8   motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF

9   is thus entitled to punitive damages from DEFENDANTS in an amount according to proof.

10              **EIGHTH CAUSE OF ACTION**
11           **Wrongful Termination in Violation of Public Policy**
              **(By PLAINTIFF against all DEFENDANTS)**
12

13       79.     PLAINTIFF restates and incorporates by this reference each and every preceding

14   paragraph in this complaint as though full set forth at this point.

15       80.     Under California law, it is unlawful for an employer to terminate an employee in

16   violation of a fundamental public policy of the United States of America and/or the State of

17   California.

18       81.     As alleged herein, DEFENDANTS' decision to terminate PLAINTIFF was

19   substantially motivated by PLAINTIFF's protected status in blatant violation of the public policy

20   protections set forth in the FEHA and California Labor Code.  PLAINTIFF is informed and

21   believes that DEFENDANTS' managing agents made the decision to terminate PLAINTIFF and

22   that DEFENDANTS ratified their decision.

23       82.     As a direct and proximate result of the violation of PLAINTIFF's rights under

24   California law, PLAINTIFF has sustained and continues to sustain substantial losses of earnings

25   and employment benefits.

26       83.     As a proximate result of the violation of PLAINTIFF'S right under California law,

27   PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and

28   mental pain and anguish, all to her damage in a sum according to proof.

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**COMPLAINT FOR DAMAGES**

84.     DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF is thus entitled to punitive damages from DEFENDANTS in an amount according to proof. PLAINTIFF is presently unaware of the precise amount of these expenses and fees, and prays leave of Court to amend this Complaint when the amounts are more fully known.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF prays for relief against DEFENDANTS as follows:

1.     For economic, non-economic, general and compensatory damages, including but not limited to lost wages and employment benefits at the prevailing rate and other special damages according to proof;

2.     For mental and emotional distress damages;

3.     For punitive and exemplary damages;

4.     For an award of interest, including prejudgement interest, at the legal rate;

5.     For equitable remedies including injunctive and declaratory relief;

6.     For interest accrued to date;

7.     For costs of suit, including reasonable attorneys fees and costs, including expert witness fees, pursuant to California Government Code section 12965(b), and all other applicable laws;

8.     For reinstatement to his job with DEFENDANT EMPLOYER; and

9.     For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

10.     PLAINTIFF hereby demands a jury trial for the causes of action set forth herein.

DATED:  April 25, 2023                    **ALDERLAW, PC**


By: _____
        Michael Alder
        Zulma Munoz
        *Attorneys for PLAINTIFF*
        FRANK HAN

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

17

**COMPLAINT FOR DAMAGES**

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 24, 2023

Michael Alder
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

RE:   **Notice to Complainant's Attorney**
CRD Matter Number: 202302-19785124
Right to Sue: Han / Pfizer

Dear Michael Alder:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 12/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 24, 2023

RE:   **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202302-19785124
Right to Sue: Han / Pfizer

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD)) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 12/22)



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 24, 2023

Frank Han

,

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202302-19785124
Right to Sue: Han / Pfizer

Dear Frank Han:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 24, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

### Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Frank Han

CRD No. 202302-19785124

Complainant,

vs.

Pfizer
2002 N Tampa Street
Tampa, FL 33602

Respondents

_____

**1.** Respondent **Pfizer** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Frank Han**, resides in the City of **,** State of **.**

**3.** Complainant alleges that on or about **November 3, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's age (40 and over), race (includes hairstyle and hair texture).

**Complainant was discriminated against** because of complainant's age (40 and over), race (includes hairstyle and hair texture) and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

**Additional Complaint Details:** Respondent Pfizer hired Claimant on or around 2017 as an Associate Director and Group Lead for Statistical Programming and was soon after promoted to Director of Global Compliance and Analytics.

-1-
*Complaint – CRD No. 202302-19785124*

Date Filed: February 24, 2023

In or around November 2021, Claimant present a new algorithm to detect fraud. In this development, Claimant noticed fraudulent activity and raised compliance concerns – potential Foreign Corrupt Practices Act (FCPA) violations –  to supervisors.

On or around January 21, 2022, during Claimant's review, Supervisor Tara Palesh began baselessly critiquing his work, berating him, and impeding his ability to perform his job.

In or around March 2022, in a one-on-one meeting, Palesh began raising her voice and ultimately yelled at Claimant Claimant then reported Palesh's improper behavior to Palesh's manager, Jeff Scott. Scott did nothing.

On or around April 2022, Claimant reported Palesh's improper treatment to Respondent's Advisor, Lourdes Delgado-Cheers. Claimant reported the harassment and hostile work environment to Delgado-Cheers.

In or around May 2022, Palesh created barriers causing Project delays for Claimant ultimately affecting his performance. In or around August 2022, Palesh issued Claimant a 1.6/5 on his Performance Review in retaliation of reporting her harassment. Claimant reported further concerns to Delgado-Cheers. In or around September 2022, Claimant met with Eric Eichinger from Human Resources and reported all issues. Claimant was told that an investigation would be conducted. In or around October 2022, Eichinger concluded his investigation but did not disclose his findings. Claimant was left with no choice but to report to the SEC about the perceived FCPA violations.

On or around October 22, 2022, Claimant filed a report with the SEC, where he reported foreign bribery, misrepresentation and corruption. On or around November 03, 2022, only days after filing an SEC complaint, Palesh and Pfizer retaliated against Claimant and terminated him.

-2-
*Complaint – CRD No. 202302-19785124*

Date Filed: February 24, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Michael Alder**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On February 24, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Valley Village, CA**

*Complaint – CRD No. 202302-19785124*

Date Filed: February 24, 2023

CRD-ENF 80 RS (Revised 12/22)