1  Alison L. Lynch (SBN 240346)
   Parth P. Jani (SBN 334881)
2  JACKSON LEWIS P.C.
   200 Spectrum Center Drive, Suite 500
3  Irvine, CA 92618
   Tel: (949) 885-1360
4  Fax: (949) 885-1380
   Alison.Lynch@jacksonlewis.com
5  Parth.Jani@jacksonlewis.com

6  Donald E. English, Jr. (SBN 0006210135)
   JACKSON LEWIS P.C.
7  2800 Quarry Lake Drive, Suite 200
   Baltimore, MD 21209
8  Tel: (410) 415-2007
   Fax: (410) 415-2001
9  Donald.English@jacksonlewis.com

10 Attorneys for Defendants
   PFIZER INC., TARA PALESH,
11 JEFF SCOTT and ERIC EICHINGER

12

13                    **UNITED STATES DISTRICT COURT**

14                    **NORTHERN DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16  FRANK HAN, an individual, | **CASE NO.: 4:23-cv-03908** |
| 17                Plaintiff, | DATE: October 12, 2023<br>TIME: 1:00 p.m |
| 18        vs. | CTRM: 4 - 3rd Floor |
| 19  PFIZER INC.; a Delaware corporation; | **DEFENDANT PFIZER INC.'S** |
| 20  TARA PALESH, an individual; JEFF | **NOTICE OF MOTION AND MOTION** |
|     SCOTT, an individual; ERIC | **TO DISMISS PLAINTIFF'S** |
| 21  EICHINGER, an individual; and DOES | **COMPLAINT; MEMORANDUM OF** |
| 22  1 through 100, inclusive, | **POINTS AND AUTHORITIES IN**<br>**SUPPORT** |
| 23              Defendants. | [FED. R. CIV. P. 12(b)(6)] |
| 24 | [*Filed concurrently with Declaration in support; and [Proposed] Order*] |
| 25 | |
| 26 | State Court Complaint Filed: April 25, 2023<br>Removed: August 4, 2023 |

27

28

---

1

DEFENDANT PFIZER INC.'s NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:23-cv-03908

**TO THE HONORABLE COURT, PLAINTIFF, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on October 12, 2023, at 1:00 p.m. in Courtroom 4 of the above-entitled Court located at 1301 Clay Street, Oakland, CA 94612, and before the Honorable Donna M. Ryu, Defendant Pfizer Inc. will move to dismiss Plaintiff Frank Han's ("Plaintiff") second, third, fourth, fifth and seventh causes of action in their entirety and his eighth cause of action as against the Individual Defendants Palesh, Scott and Eichinger pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant's Motion is based on this Notice, the Memorandum of Points and Authorities, and the Declaration of Alison Lynch filed concurrently herewith, the pleadings and papers on file in this action, and upon such oral argument that may be heard at the time of hearing.

DATED: August 11, 2023                           JACKSON LEWIS P.C.

By: _____
Alison L. Lynch
Donald E. English, Jr.
Parth P. Jani

Attorneys for Defendant
PFIZER INC., TARA PALESH,
JEFF SCOTT and ERIC EICHINGER

2

DEFENDANT PFIZER INC.'s NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:23-cv-03908

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................................6

II.  RELEVANT FACTUAL ALLEGATIONS .......................................................................7

III.  LEGAL Argument ..................................................................................................................8

    A.  Motion to Dismiss Pursuant to Rule 12(b)(6) ..................................................................8

    B.  Plaintiff's Second and Third Causes of Action for Hostile Work Environment under the FEHA Must be Dismissed Because There Are No Facts to Support a Harassment Claim Under the FEHA ..................................................................................9

        1.  The FEHA Does Not Prohibit Harassment Based on Raising Financial Compliance Concerns ..................................................................................9

        2.  There Are No Allegations of Severe or Pervasive Harassing Conduct Based on a Category Protected by the FEHA ..................................................................9

    C.  Plaintiff's Seventh Cause of Action for Retaliation Under the FEHA Must be Dismissed Because Plaintiff Did Not Engage in Protected Activity Under the FEHA ............................................................................................................................11

    D.  Plaintiff's Fourth Cause of Action for Failure to Prevent, Investigate and Remedy Harassment or Retaliation Under the FEHA Must be Dismissed as Derivative of his Other Failed FEHA Claims. ...............................................................................12

    E.  Plaintiff's Fifth Cause of Action for Intentional Infliction of Emotional Distress Must be Dismissed Because It is Pre-empted by the Worker's Compensation Act and the Complaint Fails to Describe Extreme or Outrageous Conduct. .........................13

        1.  Plaintiff's Claim for IIED Is Pre-empted By the Exclusive Remedies Provision Of California's Workers' Compensation Act. ......................................13

        2.  Even If Plaintiff's IIED Claim Is Not Pre-empted, Plaintiff's Complaint Still Fails to State Facts Sufficient to Constitute a Claim for IIED Because the Alleged Conduct is not Extreme or Outrageous. ............................................14

        3.  Even if the Court Believes the Conduct Described in the Complaint is not Pre-empted and is Extreme and Outrageous, There Are No Facts of Any Such Conduct by Scott or Eichinger .................................................................16

    F.  Plaintiff's Eighth Cause of Action for Wrongful Termination In Violation of Public Policy Must be Dismissed Against the Individual Defendants Because This Claim Cannot be Alleged Against Individuals ................................................................17

IV.  PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND HIS COMPLAINT ...........17

V.  CONCLUSION.....................................................................................................................18

3

DEFENDANT PFIZER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:23-cv-03908

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*,
　129 S. Ct. 1937 (2009) ..................................................................................................................9

*C.B. v. Sonora Sch. Dist.*,
　691 F. Supp. 2d 1123 (E.D. Cal. 2009) ..................................................................................8, 9

*City of Orange v. United States Dist. Court*,
　784 F.3d 520 (9th Cir. 2015) .......................................................................................................9

*Crain v. Burroughs Corp.*,
　560 F. Supp. 849 (CD Cal. 1983) .............................................................................................15

*De La Cruz v. Tormey*,
　582 F.2d 45 (9th Cir. 1978) .........................................................................................................8

*Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1989) ....................................10

*Jackson v. Permanente*,
　No. CV 18-08176-DSF (PLA), 2019 U.S. Dist. LEXIS 234232 (C.D. Cal. Jan. 8,
　2019) ..........................................................................................................................................11

*Jahelka v. Southern Cal. Cas. Co.*,
　1997 U.S. App. LEXIS 22410 (9th Cir. 1997) ........................................................................17

*Krainski v. State of Nevada ex rel. Bd. of Regents*,
　616 F.3d 963 (9th Cir. 2010) .......................................................................................................9

*Saul v. United States*,
　928 F.2d 829 (9th Cir. 1991) .....................................................................................................17

*Schneider v. TRW, Inc.*,
　938 F2d 986 (9th Cir. 1991) ......................................................................................................15

**State Cases**

*Cole v. Fair Oaks Fire Protection Dist.*,
　43 Cal.3d 148 (1987) ....................................................................................................13, 15, 16

*Fermino v. Fedco, Inc.*,
　7 Cal.4th 701 (1994) ..................................................................................................................13

*Hughes v. Pair*
　46 Cal.4th 1035 (2009) ..............................................................................................................16

4

DEFENDANT PFIZER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:23-cv-03908

*Janken v. GM Hughes Electronics*
    46 Cal.App.4th 55 (1996) ............................................................................................... 10, 15

*Jumaane v. City of L.A.*,
    241 Cal. App.4th 1390 (2015) .............................................................................................. 12

*Khajavi v. Feather River Anesthesia Medical Grp.*,
    84 Cal.App.4th 32 (2000) ..................................................................................................... 17

*Livitsanos v. Superior Court*,
    2 Cal.4th 744 (1992) ............................................................................................................ 13

*Miklosy v. Regents of the University of California*,
    44 Cal.4th 876 (2008) .......................................................................................................... 13

*Reno v. Baird*
    18 Cal.4th 640 (Cal. 1998) ............................................................................................ 10, 17

*Roby v. McKesson Corp.*,
    47 Cal.4th 686 (2009) .......................................................................................................... 10

*Serri v. Santa Clara University*,
    226 Cal.App.4th 830 (2014) ................................................................................................ 10

*Singh v. Southland Stone, U.S.A., Inc.*,
    186 Cal. App.4th 338 (2010) ......................................................................................... 13, 14

*Trujillo v. North County Transit Dist.*
    63 Cal.App.4th 280 (1998) .................................................................................................. 12

*Yanowitz v. L'Oreal USA, Inc.*,
    36 Cal.4th 1028 (2005) ........................................................................................................ 11

**Federal Statutes**

Federal Rule of Civil Procedure Rule 8 ....................................................................................... 8

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................................. 6, 8, 9

**State Statutes**

California Government Code 12940(j)(1) .................................................................................... 9

California Government Code § 12940 ........................................................................................ 11

California Government Code § 12940(h) ................................................................................... 11

California Labor Code § 1102.5 .................................................................................................. 12

California Labor Code § 3600 .................................................................................................... 13

5

DEFENDANT PFIZER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:23-cv-03908

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a retaliation claim by Plaintiff Frank Han against his former employer, Pfizer Inc., and three individuals including his former supervisor, Tara Palesh, his former manager, Jeff Scott, and human resources manager, Eric Eichinger (collectively "Individual Defendants"). Plaintiff claims he noticed what he believed were financial irregularities, that he reported these irregularities to Pfizer, and that as a result, he was retaliated against through negative performance reviews and ultimately, his employment termination.

Plaintiff has attempted to plead additional claims under the Fair Employment and Housing Act ("FEHA") based on the same underlying conduct. This Court Should dismiss Plaintiff's claims under the FEHA, including his second, third, fourth and seventh causes of action, because the Complaint fails to allege facts regarding any conduct by any defendant directed toward Plaintiff based on any category or conduct protected by the FEHA. The Court also should dismiss the fifth cause of action for intentional infliction of emotional distress because that claim is pre-empted by the Worker's Compensation Act and in any event, the Complaint fails to state facts showing extreme or outrageous conduct in support of that claim. Finally, the Court should dismiss Plaintiff's eighth cause of action for wrongful termination in violation of public policy against all Individual Defendants because this claim cannot be brought against individuals.

For these and all of the foregoing reasons, Plaintiff's second, third, fourth, fifth and seventh causes of action should be dismissed in their entirety and his eighth cause of action as against the Individual Defendants pursuant to Rule 12(b)(6) of the Federal Rules[1] of Civil Procedure as outlined herein.

///

///

---

[1] All further references to Rules are to the Federal Rules of Civil Procedure

DEFENDANT PFIZER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:23-cv-03908

## II. RELEVANT FACTUAL ALLEGATIONS

Plaintiff was employed by Pfizer as the Director of Global Compliance – Analytics. Declaration of Alison Lynch, ("Lynch Dec."), Exhibit A, ¶ 8. He received a positive performance review in August 2021. *Id* at. ¶ 9. Several months later in November 2021, he "discovered" some information that he perceived as anti-corruption or finanicial compliance concerns; specifically, that Pfizer allegedly spent more money on engagements involving certain healthcare professionals in China than in any other country.[2] He raised these concerns to his supervisor, Defendant Palesh, and several other colleagues.[3] *Id.* Then in January 2022, Defendant Palesh gave him a lower performance rating. *Id*. at ¶ 12.

In March 2022, Plaintiff had a one-on-one meeting with Defendant Palesh where she "screamed at [him] about [his] work." *Id.* at ¶ 13. Around March 30, 2022, Plaintiff reported Defendant Palesh's alleged "harassing and retaliatory treatment" to his next level manager, Defendant Scott. *Id*. at ¶ 15. On May 4, Defendant Palesh gave him additional negative performance feedback. Then in August 2022, Defendant Palesh gave him his lowest performance rating and a "Final Notice of Underperformance." *Id*. at 18-19.

Plaintiff prepared a rebuttal letter to Defendant Palesh's "unfair performance review" and again raised his anti-corruption concerns. *Id*. at ¶ 21. In September, Plaintiff met with Defendant Eichinger, Pfizer's human resources manager. Defendant Eichinger broke down Plaintiff's concerns regarding Pfizer's compliance and Defendant Palesh's criticism of Plaintiff's performance after raising these concerns into three categories: "(1) employee relations issues between Plaintiff and [Defendant] Palesh; (2) performance review issues; and (3) business issues." *Id*. at ¶ 22. Defendant Eichinger told Plaintiff that he (Eichinger) would investigate the employee relations issues (1). He told Plaintiff that Defendant Scott would investigate the performance review issues (2). And he told Plaintiff that Pfizer's corporate investigations team would investigate the business issues (3). *Id.*

---

[2] As it is required to do, Pfizer accepts the allegations within the pleadings for purposes of this motion. However, as will be clear throughout this litigation, Pfizer adamantly denies any claims of wrongdoing.

[3] Pfizer refers to its employees as "colleagues."

7

DEFENDANT PFIZER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:23-cv-03908

Plaintiff spoke with someone from Pfizer's corporate investigations team and was thereafter informed by Defendant Eichinger that "no further action has been deemed necessary" regarding Plaintiff's business issues concerns (3). *Id.* at ¶ 24. Defendant Eichinger concluded his investigation of the employee relations issue between Plaintiff and Defendant Palesh in early October, but Plaintiff was not informed of the results of his investigation. *Id.* at ¶ 25. There are no facts alleged in the Complaint regarding any investigation by Defendant Scott of the performance review issues (2).

On October 22, 2022, Plaintiff allegedly "filed a report with the SEC. [He] reported the same fraud discussed [above] and the misrepresentation and corruption concerns he had repeatedly raised to the Defendants." *Id.* at ¶ 27. Plaintiff does not allege that he informed his employer of the filing of a report with the SEC. Plaintiff's employment was terminated on November 4, 2022. *Id.* at ¶ 29. He claims his employment termination was in retaliation for his raising his perceived anti-corruption compliance concerns.

### III. LEGAL ARGUMENT

#### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978); *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1128 (E.D. Cal. 2009). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *C.B.,* supra, 691 F. Supp. 2d at 1128. "A district court should grant a motion to dismiss if plaintiffs have not pled enough facts to state a claim to relief that is plausible on its face." *Id.* at 1129 (citing *Williams ex rel. Tabiu v. Gerber Products Co*., 523 F.3d 934, 938 (9th Cir. 2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The pleading standard of Federal Rule of Civil Procedure Rule 8 does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a

formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders *naked assertions devoid of further factual enhancement*." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasis added); *C.B.*, supra, at 1129 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim for relief." *Krainski v. State of Nevada ex rel. Bd. of Regents,* 616 F.3d 963, 972 (9th Cir. 2010).  In diversity jurisdiction cases, federal courts must apply the substantive state law of the forum state. *City of Orange v. United States Dist. Court,* 784 F.3d 520, 523–24 (9th Cir. 2015).

> **B.     Plaintiff's Second and Third Causes of Action for Hostile Work Environment under the FEHA Must be Dismissed Because There Are No Facts to Support a Harassment Claim Under the FEHA.**
>
>> 1.     The FEHA Does Not Prohibit Harassment Based on Raising Financial Compliance Concerns

The FEHA prohibits harassment based on protected categories enumerated therein, including: "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decision making, or veteran or military status …." Cal. Gov. Code 12940(j)(1).  It does not prohibit harassment based on raising perceived financial compliance concerns.  The Complaint fails to state a claim for harassment under the FEHA and should be dismissed pursuant to Rule 12(b)(6).

>> 2.     There Are No Allegations of Severe or Pervasive Harassing Conduct Based on a Category Protected by the FEHA

To state a claim for harassment in the form of a hostile work environment under the FEHA, a plaintiff must plead and prove: (1) he was a member of a protected category under the FEHA; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his status in the protected category; and (4) the harassment complained of was

sufficiently severe or pervasive so as to alter the conditions of her employment and create an abusive working environment. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1989).

Under the FEHA, "harassing conduct takes place 'outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives.' (*Reno v. Baird* 18 Cal.4th 640, 646 (Cal. 1998)) 'Thus, harassment focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee.' (*Roby v. McKesson Corp.*, 47 Cal.4th 686, 706 (2009))" *Serri v. Santa Clara University*, 226 Cal.App.4th 830, 869 (2014). Claims for harassment generally cannot arise from conduct within the course and scope of employment, such as through performance reviews. *Janken v. GM Hughes Electronics* 46 Cal.App.4th 55, 65 (1996).

Plaintiff's Complaint is devoid of any facts alleging unwelcome conduct directed at Plaintiff based on a category protected by the FEHA. Instead, Plaintiff alleges negative performance criticism (something within the normal course and scope of employment) based on his having complained about perceived financial or anti-corruption concerns. He also claims he was not informed about the results of the investigation of his complaint, and that his employment was ultimately terminated. This conduct cannot support a claim for harassment under the FEHA because it involves personnel management actions within the course of employment, *and* because it is not alleged to be directed at Plaintiff based on any category protected by the FEHA. *See*, *Janken, supra,* 46 Cal.App.4th at p. 65 (explaining personnel management actions, including "hiring and firing, job or project assignments, office or workstation assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions" fall outside the purview of harassment and that the law protects "commonly necessary personal management actions" that might irritate or frustrate employees); *see also, Serri, supra*, 226 Cal.App.4th at 871 (upholding grant of summary judgment on harassment claim when the

conduct complained of included decisions about who would attend meetings and how those meetings were conducted, which were not outside the course of employment).

Although Plaintiff claims Defendant Palesh "screamed" at him, the screaming was admittedly "about his work," (Complaint ¶13) and not directed at him based on any FEHA protected category. It is thus, not the sort of conduct that supports a harassment claim under the FEHA. Plaintiff's second and third causes of action for harassment under the FEHA should be dismissed.

### C. Plaintiff's Seventh Cause of Action for Retaliation Under the FEHA Must be Dismissed Because Plaintiff Did Not Engage in Protected Activity Under the FEHA

The FEHA prohibits an employer from retaliating against any person "because the person has opposed any practices **forbidden under this part** or because the person has filed a complaint, testified or assisted **in any proceeding under this part**." Cal. Gov. Code § 12940(h) (emphasis added). In other words, the FEHA prohibits retaliation for complaining about practices that the FEHA forbids, including discrimination (Cal. Gov. Code § 12940 (a-d)), unlawful medical inquiries (e-f), reports of patient abuse (g), harassment based on a FEHA protected category (j), or failure to accommodate a disability or religious practice (m). *See gen*. Cal. Gov. Code § 12940. This includes complaining about conduct an employee reasonably believes may constitute discrimination under the FEHA. *Yanowitz v. L'Oreal USA, Inc*., 36 Cal.4th 1028, 1047 (2005).

The FEHA does not regulate retaliation for reporting financial compliance concerns. Such conduct is completely unrelated to the sort of harassment and discrimination the FEHA prohibits, and there is thus no way an employee could reasonably believe said conduct violated the FEHA. *See, Jackson v. Permanente*, No. CV 18-08176-DSF (PLA), 2019 U.S. Dist. LEXIS 234232, at *12 (C.D. Cal. Jan. 8, 2019) (court did not find Plaintiff's belief reasonable, given that reporting fraud is not remotely related to any of the characteristics protected by the FEHA.) Claims for retaliation for "whistleblowing" or raising concerns regarding compliance with laws other than the FEHA are properly brought

11

DEFENDANT PFIZER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:23-cv-03908

1  (as they are here) under Labor Code section 1102.5, which prohibits employers from
2  retaliating against employees for disclosing information "to a person with authority over
3  the employee or another employee who has the authority to investigate, discover, or correct
4  the violation or noncompliance … if the employee has reasonable cause to believe that the
5  information discloses a violation of state or federal statute …." Cal. Labor Code 1102.5.
6  Plaintiff's seventh cause of action for retaliation in violation of the FEHA must therefore
7  be dismissed.

### D. Plaintiff's Fourth Cause of Action for Failure to Prevent, Investigate and Remedy Harassment or Retaliation Under the FEHA Must be Dismissed as Derivative of his Other Failed FEHA Claims.

Plaintiff's claim for failure to prevent harassment and retaliation under the FEHA is derivative of and depends upon the success of his claims for harassment and retaliation. *Trujillo v. North County Transit Dist.* 63 Cal.App.4th 280 (1998) (finding that plaintiff cannot prevail on a failure-to-prevent theory unless she can show actionable discrimination, harassment, or retaliation actually occurred.). Because Plaintiff's claims for harassment and retaliation under the FEHA fail as outlined above, his fourth cause of action for failure to prevent harassment and retaliation under the FEHA therefore must be dismissed as well. *Jumaane v. City of L.A.*, 241 Cal. App.4th 1390, 1410 (2015) (court found that since the evidence of events were insufficient to establish a *prima facia* claim of discrimination, harassment or retaliation the failure to prevent discrimination, retaliation and harassment also failed).

///
///
///
///
///
///
///
///

E. **Plaintiff's Fifth Cause of Action for Intentional Infliction of Emotional Distress Must be Dismissed Because It is Pre-empted by the Worker's Compensation Act and the Complaint Fails to Describe Extreme or Outrageous Conduct.**

1. Plaintiff's Claim for IIED Is Pre-empted By the Exclusive Remedies Provision Of California's Workers' Compensation Act.

In the employment context, claims for IIED are generally pre-empted by the exclusive remedy provisions of California Workers' Compensation Act. See, Labor Code § 3600, et seq.; *Fermino v. Fedco, Inc.*, 7 Cal.4th 701, 712-713 (1994); *Livitsanos v. Superior Court*, 2 Cal.4th 744, 754-755 (1992). In particular, the workers' compensation exclusivity rule applies when the risks resulting in the alleged injury were encompassed within the "compensation bargain." *Singh v. Southland Stone, U.S.A., Inc.*, 186 Cal. App.4th 338, 366 (2010) ("Singh"). "An employer's intentional misconduct in connection with actions that are a normal part of the employment relationship, such as demotions and criticism of work practices, resulting in emotional injury is considered to be encompassed within the compensation bargain, even if the misconduct could be characterized as 'manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance'." *Id.* at 367, *citing Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 154 (1987) ("Cole").

In *Cole*, the plaintiff worked as a fire captain for many years and alleged that his employer and supervisors engaged in a lengthy and brutal campaign of harassment and ridicule intended to punish plaintiff for his union activities. The defendants (allegedly) publicly stripped plaintiff of his rank, made false accusations of dishonesty against him, assigned him to menial duties, and tried to force him to retire through a personnel review process that the court characterized as a "kangaroo court." Cole subsequently suffered a totally disabling stroke due to his high blood pressure. Despite the allegedly "outrageous" character of this conduct, the California Supreme Court held that workers' compensation provided plaintiff's exclusive remedy. *Cole,* 43 Cal. 3d at 160; *see also, Miklosy v. Regents*

*of the University of California*, 44 Cal.4th 876, 902 (2008) (sustaining defendants' demurrer to IIED claim because the "alleged wrongful conduct, however, occurred at the worksite, in the normal course of the employer-employee relationship, and therefore workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted." ).

Additionally, in *Singh, supra*, despite evidence that the plaintiff's supervisor "berated and humiliated" him, criticized his job performance, and insulted him with profanities on a regular basis, the court found plaintiff's claim for intentional infliction of emotional distress was pre-empted by the workers' compensation laws because "the misconduct occurred in the workplace and involved criticisms of performance or other conflicts arising from employment." *Singh,* 186 Cal. App. 4th at 367-368.

Here, like in S*ingh*, Plaintiff alleges that Defendant Palesh unfairly criticized his performance and unjustifiably gave him lower performance reviews. Lynch Dec. Exh. A ¶¶ 12, and 17-19. He also claims she "screamed at [him] about [his] work." *Id.* ¶ 13. He alleges that this conduct was "extreme, outrageous and beyond al possible bounds of human decency" and caused him to suffer emotional distress. *Id*. at ¶¶ 60-62. It is clear from Plaintiff's allegations that the alleged conduct, and any alleged injury that may have resulted from such conduct, arose from the workplace in the normal course of the employment relationship. Plaintiff's IIED claim is therefore pre-empted by California's Worker's Compensation Act and should be dismissed accordingly.

        2.     Even If Plaintiff's IIED Claim Is Not Pre-empted, Plaintiff's Complaint Still Fails to State Facts Sufficient to Constitute a Claim for IIED Because the Alleged Conduct is not Extreme or Outrageous.

Plaintiff's Complaint does not allege "extreme or outrageous" conduct necessary to support a claim for IIED. California's courts have consistently held that in the employment context, management personnel actions, including criticism of an employee's performance or workplace behavior, employee discipline, suspension, and even termination of employment are not acts of "outrageous" conduct and will not support a claim for IIED.

DEFENDANT PFIZER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:23-cv-03908

*Janken, supra*, 46 Cal.App.4th 55, 65, 79-80; *see also Cole, supra,* 43 Cal.3d at 160 (actions which are a normal part of the employment relationship cannot be characterized as outrageous behavior); *Schneider v. TRW, Inc.*, 938 F2d 986 (9th Cir. 1991) (yelling and screaming at employee while criticizing work is not, by itself, outrageous conduct); and *Crain v. Burroughs Corp.*, 560 F. Supp. 849 (CD Cal. 1983) (termination without good cause, based on mistaken judgment or failure to investigate further, even without warning or an opportunity to explain, and plaintiff's resulting humiliation was not sufficiently extreme and outrageous).

In *Cole, supra*, the California Supreme Court held that a supervisor's behavior, even if egregious, does not create a claim for IIED. The Court observed:

> "An employer's supervisory conduct is inherently 'intentional.' In order to properly manage its business, every employer must on occasion review, criticize, demote transfer and discipline employees. Employers are necessarily aware that their employees will feel distressed by adverse personnel decisions, while employees may consider any such adverse action to be improper and outrageous. Indeed, it would be unusual for an employee not to suffer emotional distress as a result of an unfavorable decision by his employer." *Cole,* 43 Cal.3d at 160.

The alleged conduct by Defendants as described in Plaintiff's Complaint includes: a 4.8/5 performance rating, baseless criticism of his work, screaming at him about his work, another negative performance review, a 1.6/5 performance rating, a final notice of underperformance, not informing him about the results of the investigations of his complaints, and his ultimate employment termination. Lynch Dec. Exh. A ¶¶ 12, 17-19, 24-25, and 28. This alleged conduct includes management personnel actions and normal conduct involved in an employment relationship. Pursuant to the authorities cited above, Defendant's routine "management personnel actions," simply do not amount to "extreme" or "outrageous" conduct. Accordingly, Plaintiff's IIED claim against Defendants fails as a matter of law and should be dismissed accordingly.

///

///

///

>   3. Even if the Court Believes the Conduct Described in the Complaint is not Pre-empted and is Extreme and Outrageous, There Are No Facts of Any Such Conduct by Scott or Eichinger

As discussed above, a claim for intentional infliction of emotional distress carries a high burden of proof; a burden that Plaintiff has not met. The standard is clear: "Extreme and outrageous conduct by the defendant; plaintiff's suffering severe or extreme emotional distress; and actual and proximate causation between the two." *Hughes v. Pair* 46 Cal.4th 1035 (2009).

The Complaint fails to allege any facts of negative treatment by Defendants Scott or Eichinger directed at Plaintiff, let alone anything extreme or outrageous. The allegations against Defendant Scott pertain to Plaintiff reporting Defendant Palesh's "harassing and retaliatory treatment" to him and Defendant Scott denying Plaintiff's request to report to another supervisor. Lynch Dec. Exh. A, ¶¶ 15, 16. These facts do not rise to the level of egregious behavior, which courts have even deemed permissible for management decisions. *Cole*, 43 Cal.3d at 160. Though Plaintiff may have been distressed by the decision of not being allowed to report to another supervisory Defendant Scott's actions are personnel management ones.

Similarly, there are no allegations of negative treatment of Plaintiff by Defendant Eichinger. Plaintiff claims Eichinger told Plaintiff about a plan for investigation of his concerns. He claims Eichinger reported to Plaintiff that "no further action has been deemed necessary" regarding Plaintiff's business issues concerns, and that Eichinger did not otherwise inform Plaintiff of the results of his investigation. This is simply not the sort of extreme and outrageous behavior that can support a claim for intentional infliction of emotional distress. *Hughes, supra,* 46 Cal.4th at 1050-51.

///

///

///

///

### F. Plaintiff's Eighth Cause of Action for Wrongful Termination In Violation of Public Policy Must be Dismissed Against the Individual Defendants Because This Claim Cannot be Alleged Against Individuals

California law does not recognize wrongful termination-based theories against individual supervisors who are not the plaintiff's employer. *Khajavi v. Feather River Anesthesia Medical Grp.*, 84 Cal.App.4th 32, 38 (2000) ("Only an employer can be liable for the tort of wrongful discharge of an employee"); see also *Reno supra,* 18 Cal.4th 640, 663 (public policy in question governed actions of employers not individual supervisors and thus individual supervisors cannot have liability for public policy claim).

Since this cause of action is barred by California law as against the Individual Defendants, it should be dismissed as against them.

## IV. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND HIS COMPLAINT

Leave to amend should be denied where amendment is futile or would be subject to dismissal. *See generally Jahelka v. Southern Cal. Cas. Co.*, 1997 U.S. App. LEXIS 22410 (9th Cir. 1997) (upholding denial of leave to amend because new claims would suffer from same defect as those dismissed in summary judgment); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (court does not abuse its discretion in denying leave to amend where amendment would be futile or amended complaint would be subject to dismissal). As discussed above, there is no amendment Plaintiff could make to his Complaint to cure the legal defects described above, and thus any request Plaintiff might make for leave to amend should be denied.

///

///

///

///

///

///

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss Plaintiff's second, third, fourth, fifth and seventh causes of action and his eighth cause of action as against the Individual Defendants.

DATED:  August 11, 2023					JACKSON LEWIS P.C.

							By: _____
							Alison L. Lynch
							Donald E. English, Jr.
							Parth P. Jani

							Attorneys for Defendant
							PFIZER INC., TARA PALESH,
							JEFF SCOTT and ERIC EICHINGER

4879-7234-3415, v. 2

19

DEFENDANT PFIZER INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4:23-cv-03908