UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK HAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PFIZER INC., et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-03908-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Before the Court is Defendant Pfizer Inc.'s motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for January 11, 2024 is **VACATED**. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** the motion to dismiss for the following reasons.

Defendant Pfizer Inc. ("Pfizer") moves to dismiss Counts two, three, four, five, seven, and eight from Plaintiff Frank Han's ("Han") Complaint for FEHA-related claims, intentional infliction of emotional distress, and wrongful termination. This Order assumes familiarity with the facts of the case, the parties' arguments, and the relevant law.

**1. FEHA Claims** (Counts Two, Three, Four, and Seven). Han alleges four claims under the Fair Employment and Housing Act ("FEHA"): hostile work environment, harassment, failure to prevent harassment, and retaliation. Under FEHA, it is unlawful for an employer to harass or discriminate against a person because of "race . . . national origin . . . [or] age . . ." CA Gov't Code § 12940(a), (j)(1). To allege a prima facie case of hostile work environment, a plaintiff must plead that "(1) [plaintiff] is a member of a protected class; (2) [plaintiff] was subjected to unwelcome harassment; (3) the harassment was based on [plaintiff's] protected status; (4) the

1  harassment unreasonably interfered with [plaintiff's] work performance by creating an
2  intimidating, hostile, or offensive work environment; and (5) defendants are liable for the
3  harassment." *Ortiz v. Dameron Hosp. Assn.*, 37 Cal. App. 5th 568, 581 (2019); *see Lyle v. Warner*
4  *Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006).  Han argues in his opposition to the motion
5  to dismiss that Defendants harassed him due to his race and age.  ECF 18 ("Response") at 8.
6  However, nowhere in the Complaint does Han allege that he was subjected to the alleged hostile
7  work environment or harassment on the basis of his membership in any protected category, nor are
8  there any factual allegations to support such a claim.  *See* ECF 1-5 ("Compl.") ¶¶ 7-29.
9  Accordingly, the Court **DISMISSES** counts two and three with leave to amend.

10  The Court must also **DISMISS** Han's fourth cause of action for failure to prevent
11  harassment or retaliation because it premised on a successful FEHA claim of harassment or
12  retaliation.  *See Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1410 (2015) (plaintiff
13  must show "substantial evidence of discrimination, retaliation, and harassment" for a finding of
14  failure to prevent discrimination, retaliation, or harassment); *see also Trujillo v. N. Cnty. Transit*
15  *Dist.*, 63 Cal. App. 4th 280, 289 (1998), *as modified* (May 12, 1998) (no liability for failure to
16  prevent conduct violating FEHA "except where the actions took place and were not prevented").
17  The Court will grant Han leave to amend.

18  Count seven for retaliation similarly fails, as Han has not alleged that he opposed any
19  practices that FEHA forbids, only that he reported financial compliance concerns.  *See Yanowitz v.*
20  *L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1046 (2005) ("Standing alone, an employee's unarticulated
21  belief that an employer is engaging in discrimination will not suffice to establish protected
22  conduct for the purposes of establishing a prima facie case of retaliation, where there is no
23  evidence the employer knew that the employee's opposition was based upon a reasonable belief
24  that the employer was engaging in discrimination").  Accordingly, the Court **GRANTS** the motion
25  to dismiss count seven and **DISMISSES** with leave to amend.

26  **2. Intentional Infliction of Emotional Distress** (Count Five).  Pfizer moves to dismiss
27  Han's claim for intentional infliction of emotional distress ("IIED") because Han fails to plead
28  "extreme and outrageous conduct" and as preempted by the Workers' Compensation Act.  To

2

adequately plead an IIED claim, a plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (quoting *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009)). "Extreme and outrageous conduct" means conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community," and that is "intended to inflict injury or engaged in with the realization that injury will result." *Hughes*, 46 Cal. 4th at 1050 (internal quotation marks omitted) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993)). Pfizer argues that the conduct Han describes was not "extreme or outrageous conduct." ECF 9 ("Motion") at 14-15.

The complaint alleges that Defendants "baselessly critique[ed]" Han's work, "berat[ed]" and screamed at him, gave him low performance reviews, "punished [him] for uncovering the fraud," and ultimately terminated him. Compl. ¶¶ 12-19, 28. Allegations that Defendant Palesh yelled at Han about his work on one occasion and that Pfizer gave him low reviews and fired him do not rise to the extreme level of "outrageous conduct" required to assert an IIED claim. *See, e.g.*, *Lawler*, 704 F.3d at 1245 (finding CEO's "gruff," "abrupt," and "intimidating" conduct does not rise to the level of extreme and outrageous behavior, even though he "may have inconsiderately and insensitively communicated his dissatisfaction of [plaintiff's] managerial performance"); *Schneider v. TRW, Inc.*, 938 F.2d 986, 992–93 (9th Cir.1991) (affirming summary judgment against plaintiff's IIED claim where her supervisor "screamed and yelled in the process of criticizing her performance, threatened to throw her out of the department and made gestures she interpreted as threatening").[1]

Further, "[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged."

---

[1] Han has also failed to allege that he suffered "severe" distress. "Severe emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" *Hughes*, 46 Cal. 4th (citation omitted).

3

*Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996). "Personnel management" activities include "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, [and] deciding who will be laid off." *Id.* at 64-65. The conduct alleged here is not meaningfully different from that described in *Janken* and fails to show extreme and outrageous conduct. *See, e.g.*, *Voellger v. Dignity Health*, No. 19-CV-07089-RS, 2020 WL 13505420, at *5 (N.D. Cal. July 27, 2020) (employer's failure to investigate complaints, hire security, and train staff "do not fall outside [] managerial duties"). Accordingly, Han has failed to adequately plead an IIED claim.

Defendants also argue that Han's IIED claim is preempted by the California Workers' Compensation Act. In California, workers' compensation is "the sole and exclusive remedy of the employee . . . against the employer" for injuries, subject to certain exceptions. Cal. Lab. Code Section 3602(a); *see Shoemaker v. Myers*, 52 Cal.3d 1, 16 (1990) (citing *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 160 (1987)). Two exceptions are relevant here: when the conduct "exceeds the inherent risks of employment" and when the conduct "contravenes fundamental public policy."

Though Han does not clearly delineate which conduct constitutes his IIED claim, the only conduct he alleges is that his supervisor yelled at him about his work product and gave him poor performance reviews, and that the company ultimately terminated him. Compl. ¶¶ 12-19, 28.[2] This conduct falls within the "normal course of the employer-employee relationship," and therefore Han may only seek remedy through workers' compensation. *See Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 902 (2008) (quoting *Shoemaker*, 52 Cal.3d at 25) (explaining that "'discipline or criticism' [is] a normal part of the employment relationship," and that "[e]ven

---

[2] "A number of California authorities have concluded claims for intentional infliction of emotional distress in the employment context may be asserted where the actionable conduct also forms the basis for a FEHA violation." *Light v. Dept. of Parks & Recreation*, 14 Cal. App. 5th 75, 98 (2017). However, Han has not alleged a viable FEHA violation.

4

if such conduct may be characterized as intentional, unfair or outrageous, it is nonetheless covered by the workers' compensation exclusivity provisions."). Because the conduct alleged does not "exceed[] the inherent risks of employment," Han's claims do not fall within the first exception. *See Livitsanos v. Superior Court*, 2 Cal. 4th 744, 755 (1992).

The second exception is aimed at permitting an action to proceed for wrongful discharge in violation of public policy. *Miklosy*, 44 Cal. 4th at 902-03. Han argues that Pfizer's decision to terminate him due to "animus that violates a fundamental public policy" is not a "normal part of the employment relationship." Response at 14. However, Han does not allege what that "animus" is, beyond retaliation for whistleblowing activities, which is encompassed in his wrongful termination claim. *See* Compl. ¶¶ 79-84; *Miklosy*, 44 Cal. 4th at 902-03 (quoting *Shoemaker*, 52 Cal.3d at 25) (to the extent the terminated whistleblower plaintiff alleges an IIED claim directed at "intentional, malicious aspects of defendants' conduct," such conduct is "covered by the workers' compensation exclusivity provisions"). Thus, Han has also failed to plead a claim that falls within the second exception to worker's compensation's exclusivity.

In sum, Han cannot assert an IIED claim against Pfizer because the conduct constitutes "personnel management" and is preempted by California's Worker's Compensation Act. Accordingly, the Court **DISMISSES** the claim with leave to amend to plead facts showing that the conduct exceeded the scope of personnel management and the normal employment relationship.

**3. Wrongful Termination** (Count Eight). Han does not contest that the individual defendants should be dismissed from the wrongful termination claim in count eight. Accordingly, the Court **DISMISSES** the individual defendants from count eight.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff has until **January 29, 2024**, to amend the complaint with respect to Counts Two, Three, Four, Five, and Seven. The Court **GRANTS** the motion to dismiss the individual defendants from

///

///

///

5

Count Eight. As Defendant does not seek to dismiss Count One (whistleblower claim) or Count Six (UCL), those claims remain.

**IT IS SO ORDERED.**

Dated: December 28, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**