1  MICHAEL ALDER (SBN 170381)
   cmalder@alderlaw.com
2  ZULMA A. MUNOZ (SBN 325531)
   zmunoz@alderlaw.com
3  **ALDERLAW, PC**
   12800 Riverside Drive, 2nd Floor
4  Valley Village, CA 91607
   Tel:  (310) 275-9131
5  Fax: (310) 275-9132

6  STEVEN M. SWEAT (SBN 181867)
   ssweat@stevenssweatapc.com
7  **STEVEN M. SWEAT, PERSONAL INJURY LAWYERS, APC**
   11400 W. Olympic Blvd., #218
8  Los Angeles, CA 90064
   Tel:  (323) 944-0993
9  Fax:  (323) 592-3163

10  *Attorneys for Plaintiff,* FRANK HAN

11

12                        **UNITED STATES DISTRICT COURT**

13                     **NORTHERN DISTRICT OF CALIFORNIA**

14  FRANK HAN, an individual,                    Case No.: 3:23-cv-03908-AMO

15                        PLAINTIFF,             *Assigned for All Purposes to: Hon. Araceli Martinez-Olguin*

16          v.
                                                 **PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES:**
17  PFIZER INC., a Delaware Corporation;
    TARA PALESH, an individual; JEFF            1.  **Whistleblower (Cal. Lab. Code § 1102.5)**
18  SCOTT; an individual; ERIC EICHINGER;       2.  **Hostile Work Environment;**
    an individual; and DOES 1 through 100,      3.  **Harassment;**
19  inclusive,                                   4.  **Failure to Prevent, Harassment, and Retaliation;**
20                                               5.  **Intentional Infliction of Emotional Distress;**
                        DEFENDANTS.              6.  **Violation of Business & Professions Code §17200-17208;**
21                                               7.  **Retaliation in Violation of Government Code §12900, *et seq.*; and**
22                                               8.  **Wrongful Termination in Violation of Public Policy.**
23

24

25                                               State Court Complaint Filed: April 25, 2023
                                                 Removed: August 4, 2023
26

27

28

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

## **TABLE OF CONTENTS**

**Page**

I.      GENERAL ALLEGATIONS ....................................................................................3

II.     JURISDICTION AND VENUE ..............................................................................4

III.    EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS ..............................5

IV.     STATEMENT OF FACTS .......................................................................................5

FIRST CAUSE OF ACTION
Whistleblower
[Cal. Lab. Code § 1102.5]
(By PLAINTIFF Against DEFENDANT Employer) ......................................................10

SECOND CAUSE OF ACTION
Hostile Work Environment
[California Government Code §§ 12940 *et seq.*]
(By PLAINTIFF against DEFENDANT Employer) .....................................................12

THIRD CAUSE OF ACTION
Harassment
[Violation of FEHA, California Government Code § 12940, *et seq.*]
(By PLAINTIFF against all DEFENDANTS).................................................................14

FOURTH CAUSE OF ACTION
Failure to Prevent, Investigate, and Remedy Harassment, or Retaliation
[Violation of the FEHA, Cal. Gov't Code § 12940(k)]
(By PLAINTIFF against DEFENDANT Employer) .....................................................16

FIFTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
[California Gov. Code 12965(b) and Gov. Code Section 12900 *et seq.*]
(By PLAINTIFF against DEFENDANT Employer) .....................................................18

SIXTH CAUSE OF ACTION
Violation of Business & Professions
[Code §17200-17208]
(By PLAINTIFF against DEFENDANT Employer) .....................................................19

SEVENTH CAUSE OF ACTION
Retaliation In Violation of Public Policy
[Government Code § 12900, *et seq.*]
(By PLAINTIFF against DEFENDANT Employer) .....................................................20

EIGHTH CAUSE OF ACTION
Wrongful Termination in Violation of Public Policy
(By PLAINTIFF against DEFENDANT Employer) .....................................................22

PRAYER FOR RELIEF ...................................................................................................23

DEMAND FOR JURY TRIAL .......................................................................................23

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

1    PLAINTIFF FRANK HAN, by and through his attorneys of record herein, brings this

2    complaint against DEFENDANTS PFIZER INC., TARA PALESH, JEFF SCOTT, ERIC

3    EICHINGER and DOES 1 through 100 (collectively "DEFENDANTS") as follows:

4    **I.    GENERAL ALLEGATIONS**

5    1.    At all relevant times, PLAINTIFF FRANK HAN (hereinafter referred to as

6    "PLAINTIFF") is an individual residing in the County of Alameda, State of California, and was an

7    employee of DEFENDANT PFIZER INC.  At all relevant times, DEFENDANT PFIZER INC.,

8    was and now is a Delaware limited liability corporation, existing, doing business as PFIZER INC.

9    (hereinafter referred to as "EMPLOYER" or "PFIZER"), and employing individuals in the County

10   of San Francisco, State of California. PLAINTIFF is informed and believes that DEFENDANT

11   PFIZER INC. is a Delaware limited liability company doing business in the County of San

12   Francisco, California, and operating in and under the laws of the State of California.

13   DEFENDANT PFIZER'S headquarters is in New York. DEFENDANT TARA PALESH

14   (hereinafter "PALESH"), DEFENDANT JEFF SCOTT (hereinafter "SCOTT"), and

15   DEFENDANT ERIC EICHINGER (hereinafter "EICHINGER"), were all individuals with

16   managerial authority for DEFENDANT PFIZER INC. DEFENDANT PALESH resides in the

17   County of New York, New York, and the residencies for DEFENDANTS SCOTT and

18   EICHINGER are unknown to PLAINTIFF. The true names of the DEFENDANTS named herein

19   as DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are

20   unknown to the PLAINTIFF who, therefore sues such DEFENDANTS by fictitious names

21   pursuant to California Code of Civil Procedure section 474. PLAINTIFF is informed and believes,

22   and on that basis alleges that each DEFENDANT sued under such fictitious name is in some

23   manner responsible for the wrongs and the damages as alleged below, and in so acting was

24   functioning as the owner, shareholder, agent, servant, partner, joint venturer, alter-ego, employee,

25   proxy, managing agent, and principal of the CO-DEFENDANTS, and in doing the actions

26   mentioned below was acting, at least in part, within the course and scope of their authority as such

27   agent, servant, proxy, partner, joint venturer, employee, alter-ego, managing agent, and principal

28   with the permission and consent of the DEFENDANTS.

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

2.     The true names and capacities of DEFENDANTs DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to PLAINTIFF at the time of filing this Complaint and PLAINTIFF, therefore, sues said DEFENDANTS by such fictitious names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained. PLAINTIFF is informed and believes, and based thereon alleges, that each of the DOE DEFENDANTS is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to PLAINTIFF as herein alleged.

3.     At all times herein mentioned, DEFENDANTS were acting as agents and/or employees of each of the remaining DEFENDANTS, and were, at all times herein mentions, acting within the scope of said agency and employment, except where alleged to the contrary.

4.     Whenever in this Complaint reference is made to any act of DEFENDANTS, such allegations shall be deemed to mean all named DEFENDANTS and DOES 1 through 100, or their officers, agents, managers, representatives, employees, heirs, assignees, customers and tenants, did or authorized such acts while actively engaged in the operation, management, direction or control of the affairs of DEFENDANTS and while acting within the course and scope of their duties.

## II.     JURISDICTION AND VENUE

5.     Venue is proper in San Francisco County because: (1) the employment relationship between PLAINTIFF and EMPLOYER arose and was performed here; (2) the injuries alleged herein occurred here; (3) the unlawful discriminatory and retaliatory practices alleged were committed here; (4) the records relevant to the unlawful discriminatory practices were maintained and administered here; and (5) PLAINTIFF would have worked here but for the alleged unlawful practices. This court is the proper court because the amount at issue exceeds the jurisdictional minimum of this court.

6.     At all times herein, PLAINTIFF was duly qualified and did perform his employment duties in a satisfactory manner. PLAINTIFF performed and was willing to continue to perform all duties and responsibilities on his part to be performed, which duties and responsibilities were part of the employment relationship between EMPLOYER and PLAINTIFF.

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

At all times, PLAINTIFF was an "employee" as that term is defined by California Government Code § 12926(c). As an employee of DEFENDANT PFIZER, PLAINTIFF was entitled to all of the benefits provided by EMPLOYER'S personnel policies, procedures and practices, and those confirmed in the by-laws governing said organization. At all times, DEFENDANT PFIZER INC. is and was an "EMPLOYER" within the meaning of California Government Code § 12926(d). Hereinafter in the Complaint, unless otherwise specified, reference to a DEFENDANT or DEFENDANTS shall refer to all DEFENDANTS, and each of them.

## III.   EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

7.       On February 24, 2023, prior to initiating this complaint, PLAINTIFF filed with the Department of Fair Employment and Housing (hereinafter "DFEH"), a Complaint of Discrimination, Harassment, and Retaliation against DEFENDANT PFIZER. On February 24, 2023, the DFEH issued a Notice of Case Closure and Right-to-Sue letter to PLAINTIFF, authorizing him to file a private lawsuit against DEFENDANTS in order to enforce his rights to full and equal employment opportunities free from unlawful discrimination and retaliation. Attached hereto as **Exhibit 1** is the Right-to-Sue letter.  PLAINTIFF has therefore exhausted all administrative remedies as a prerequisite to filing this action.

## IV.   STATEMENT OF FACTS

8.       PLAINTIFF is a 57-year-old Chinese immigrant who worked for DEFENDANTS from May 2017 until November 2022. DEFENDANT hired PLAINTIFF as an Associate Director and Group Lead for Clinical Programming. DEFENDANT promoted PLAINTIFF to Director of Global Compliance Analytics in 2018.  PLAINTIFF remained in that role until the date of his termination on November 3, 2022. DEFENDANT PALESH supervised PLAINTIFF during his employment with DEFENDANT PFIZER. Upon joining PALESH's Global Compliance Analytics team, PLAINTIFF emerged successful from rigorous competition, becoming the sole non-native English speaker. Initially, PLAINTIFF celebrated being part of this elite analytics team within Pfizer, equipped with extensive computing resources and broad access to diverse corporate data sources for advanced analysis and machine learning—a perfect fit for PLAINTIFF's role as a data scientist.

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

9.      On or around August 6, 2021, PLAINTIFF was scored a 5.2 / 5 on his performance review by PALESH for completing two innovative and challenging breakthroughs.

10.      On or around November 4, 2021, PLAINTIFF developed and presented a new algorithm on analysis of PFIZER'S global external fundings (between Q2 of 2019 through Q3 of 2021) to Potentially Influential Government Officials ("PIGOs") to detect fraud. While developing this algorithm, PLAINTIFF discovered that DEFENDANTS spent over ten times the amount of money on PIGOs in China than they had spent on other countries during the same time frame. Specifically, PLAINTIFF discovered that DEFENDANT PFIZER had spent $12 million in the United States, $11 million in Canada, $7.5 million in Russia, and $7.1 million in the United Kingdom during this time frame but had spent *$168 million* on PIGOs in China between Q2 of 2019 through Q3 of 2021. Out of the $168 million PFIZER had spent on PIGOs in China during this time, $138 million had gone to corporate sponsorships. By way of comparison, DEFENDANT PFIZER had spent just $2 million on corporate sponsorships in the United States during this time.

11.      Upon discovery, PLAINTIFF raised these compliance concerns and potential Foreign Corrupt Practices Act ("FCPA") violations to his immediate supervisor PALESH, and colleagues Ben Brackbill (Director, Reporting and Analytics Lead), and Steven Kim (Director, Global Compliance Analytics) in virtual meeting presentation on November 4, 2021.  However, PLAINTIFF was never informed of any investigation conducted and/or whether or not the concerns were raised to higher ups in the company. Additionally, PLAINTIFF informed PALESH that he wanted to pursue a part-time MBA program. In response, PALESH responded that it was a waste of time because of his age. PLAINTIFF transitioned from the Clinical Development Division to the Corporate Compliance Division, and PLAINTIFF expressed his desire to enhance his business analytics knowledge systematically. Pfizer's partnership with academic programs for part-time MBAs, offering tuition reimbursement through EdAssist.com, presented an opportunity for PLAINTIFF.  However, during a one-on-one session with PALESH, PLAINTIFF expressed his intention to pursue a Pfizer-sponsored MBA with only one online class per semester. PALESH strongly opposed the idea, citing the belief that, due to PLAINTIFF's age, completing a

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

part-time MBA in five (5) years would provide no career benefit and be a waste of time. This perspective was disheartening, and PLAINTIFF temporarily abandoned the idea.

12.     On or around January 21, 2022, PLAINTIFF was scored 4.8/5 by PALESH in his performance review. PALESH indicated that PLAINTIFF'S work was not translating into "end products." During this review, PALESH began baselessly critiquing his work, berating him, and impeding his ability to perform his job. PALESH berated PLAINTIFF because of his age and race. Confident in his English communication skills, supported by a Ph.D., peer-reviewed publications, and over two decades of experience, PLAINTIFF had never encountered language-related issues in any previous role. However, within PALESH's team, PLAINTIFF faced starkly different treatment. Initially assigned a "work buddy," for external contacts, PLAINTIFF assumed it was an introductory arrangement. Yet, even after a year, PLAINTIFF remained barred from direct communication with colleagues outside PALESH's small team. PALESH's exclusive working environment prevented PLAINTIFF from interacting with colleagues outside the team, leaving PLAINTIFF invisible within the organization. Despite protests and inquiries about this treatment in the 1:1 meetings, PALESH provided no convincing reasons, insisting it was the norm in "her" team. PALESH explicitly restricted PLAINTIFF's ability to communicate with outside teams, especially executive teams, hindering the visibility of his work, stunting career development opportunities. PALESH and native English-speaking colleagues took credit for PLAINTIFF's work and PALESH would often comment that she could not understand PLAINTIFF. Conversely, for projects with alleged negative feedback, PALESH distanced herself, claiming lack of authorization. Consequently, PLAINTIFF not only felt excluded and isolated but was also unfairly accused of working in isolation. This discriminatory treatment based on race and national origin hindered his professional growth and unfairly impacted his career at Pfizer. PALESH, feeling her authority challenged, delayed approvals for PLAINTIFF's class registration and tuition reimbursement, creating a hostile work environment. PALESH's harassment escalated, resulting in retaliatory performance feedback to follow.

13.     On or around March 2, 2022, PLAINTIFF had a one-on-one meeting with PALESH where PALESH screamed at PLAINTIFF about his work which caused PLAINTIFF

Alder Law, P.C.,
12800 Riverside Drive, 2ⁿᵈ Floor
Valley Village, CA 91607

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

undue stress. It was clear to PLAINTIFF that PALESH'S statements and actions were in retaliation to his complaints about the fraudulent activity he had uncovered, and because of his race and age. PALESH reprimanded his performance, denied him work and other job benefits and opportunities, excluded PLAINTIFF from meetings, terminated his employment, and replaced PLAINTIFF's position.

14.     On or around March 30, 2022, PLAINTIFF was issued his first performance feedback by PALESH. During this interaction, PLAINTIFF informed PALESH that he was overwhelmed with work and the situation he reported.

15.     On or around March 31, 2022, PLAINTIFF reported PALESH's harassing and retaliatory treatment to his manager, DEFENDANT SCOTT.

16.     On or around April 4, 2022, PLAINTIFF also reported PALESH'S retaliatory conduct to DEFENDANT PFIZER'S Ombudsman Advisor Lourdes Delgado-Cheers. PLAINTIFF informed SCOTT and Ms. Delgado-Cheers about PALESH'S retaliatory and harassing behavior. PLAINTIFF told both SCOTT and Ms. Delgado-Cheers that PALESH'S improper behavior fit all the signs of harassment (as stated in the PFIZER Harassment Training) and that it had created a hostile work environment for him. On that same day, PLAINTIFF spoke to SCOTT and asked if he could temporarily not report to PALESH until the situation improved and/or was investigated by management. However, PLAINTIFF was told that if he wanted to continue to work for DEFENDANT PFIZER, he had to report to PALESH.

17.     On or around May 4, 2022, PALESH issued PLAINTIFF a second negative Performance Feedback. PALESH wrongly accused PLAINTIFF of project delays and advised PLAINTIFF to quit his employment with DEFENDANT PFIZER.

18.     On or around August 1, 2022, PALESH issued PLAINTIFF a 1.6/5 on his Performance Review. This review explicitly acknowledges that PALESH had given him a low performance rating for working on compliance irregularities, because his project "was not work that was required and currently there is no use case to leverage the work."

19.     On or around August 3, 2022, PALESH sent PLAINTIFF a "Final Notice of Underperformance" and noted that PLAINTIFF "embarked on a Global Security analysis that was

Alder Law, P.C.<br>12800 Riverside Drive, 2nd Floor<br>Valley Village, CA 91607

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

not required or validated as useful … instead of focusing on higher priority work as [he was] coached." PALESH made it clear that PLAINTIFF was being punished for uncovering the fraud.

20.     On or around August 5, 2022, PLAINTIFF continued to report his concerns about Ms. PALESH's improper conduct (as well as the fraud he had discovered) to Ms. Delgado-Cheers. In response, Ms. Delgado-Cheers recommended to PLAINTIFF that he present his performance rebuttal to the chain of command of the Compliance Division based on DEFENDANT PFIZER's so-called open-door policy.

21.     On or around August 21, 2022, PLAINTIFF submitted his rebuttal letter against PALESH'S unfair performance review and once again raised the FCPA concerns.

22.     On or around September 1, 2022, PLAINTIFF met with DEFENDANT PFIZER'S Human Resource Manager, Eric EICHINGER. DEFENDANT EICHINGER broke down PLAINTIFF'S concerns in PLAINTIFF'S rebuttal letter into three categories: (1) employee relation issues between PLAINTIFF and PALESH; (2) performance review issues; and (3) business issues. As to (1), EICHINGER told PLAINTIFF that he would investigate PLAINTIFF'S concerns.  Regarding (2), EICHINGER told PLAINTIFF he would have SCOTT investigate. Regarding (3), EICHINGER told PLAINTIFF that DEFENDANT PFIZER'S audit team would investigate the business concerns. PLAINTIFF was only ever contacted by the audit team for an initial discussion.

23.     On or around September 12, 2022, PLAINTIFF spoke to Jane Gerasimova and Brian Badal from DEFENDANT PFIZER's Corporate Investigation team and once again raised concerns about the FCPA violations. In response, EICHINGER told PLAINTIFF: "Per corporate audit's investigative process, no further action has been deemed necessary."

24.     On or around September 20, 2022, PLAINTIFF met with SCOTT in regard to the Independent Performance Review investigation that was to be conducted by SCOTT. To date, PLAINTIFF has never been informed of any outcome regarding said investigation by SCOTT.

25.     On or around October 12, 2022, Mr. EICHINGER allegedly concluded his investigation and left PLAINTIFF with the impression that he would inform PLAINTIFF of the

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

1  investigation results. To date, PLAINTIFF has never been informed of any outcome of said

2  investigation.

3        26.     On or around October 17, 2022, PALESH issued PLAINTIFF a Notice of

4  Underperformance. That same day, PLAINTIFF reached out to DEFENDANT PFIZER'S

5  Ombudsman Advisor Lourdes Delgado-Cheers about the lack of transparency in the

6  investigations. PLAINTIFF informed the Ombudsman that, due to lack of transparency,

7  PLAINTIFF was left no choice but to report the DEFENDANTS to the Securities and Exchange

8  Commission ("SEC") for the perceived FCPA violations.

9        27.     On or around October 22, 2022, PLAINTIFF filed a report with the SEC.

10  PLAINTIFF reported the same fraud discussed at length above and the misrepresentation and

11   corruption concerns he had repeatedly raised to the DEFENDANTS.

12        28.     On or around November 3, 2022, after various rescheduled one-on-one meetings,

13  PALESH scheduled a virtual meeting with PLAINTIFF and DEFENDANT PFIZER's HR

14  Representative Kisha Daniels (hereinafter "Ms. Daniels"). Prior to this meeting, PLAINTIFF was

15  not informed that Ms. Daniel's would be included in the discussion with PALESH. To

16  PLAINTIFF's surprise, PALESH announced the termination and asked PLAINTIFF to verify his

17  personal email address and indicated she would be sending him the separation package via email.

18        29.     On or around November 4, 2022, PLAINTIFF received a separation email to his

19  personal email address.

20                     **FIRST CAUSE OF ACTION**
**Whistleblower**

21                    **[Cal. Lab. Code § 1102.5]**
**(By PLAINTIFF Against DEFENDANT Employer)**

22

23        30.     PLAINTIFF restates and incorporates by this reference each and every preceding

24  paragraph in this complaint as though full set forth at this point.

25        31.     California Labor Code § 1102.5 prohibits employers from retaliating against

26  employees who engage in protected "whistleblowing" activities when the employee has reasonable

27  cause to believe that the information discloses a violation of state or federal statute. In addition,

28  California Labor Code § 1102.5 subd. (b) forbids retaliation if the employee disclosed, or the

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

employer believes he/she disclosed "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance."

32.     DEFENDANT terminated PLAINTIFF in retaliation for disclosing information and/or refusing to participate in an unlawful act. Cal. Lab. Code. § 1102.5. DEFENDANTS believed and were aware that PLAINTIFF disclosed to a government agency and/or law enforcement agency the compliance irregularities and/or fraudulent activity.

33.     PLAINTIFF reasonably believed that DEFENDANT PFIZER's policies violated federal, state, or local statutes, rules or regulations.

34.     PLAINTIFF informed DEFENDANTS that he had no choice but to provide information to the SEC for it to conduct an investigation into PLAINTIFF's compliance concerns. PLAINTIFF had a reasonable cause to believe that the information disclosed was a violation of a local, state and/or federal statute, rule or regulation.

35.     DEFENDANTS terminated PLAINTIFF because he reported the noncompliance concerns, and PLAINTIFF was retaliated by a person "acting on behalf of the employer."  Cal. Lab. Code. § 1102.5(a)-(d).  Further, PLAINTIFF'S disclosure of information was a contributing factor in DEFENDANTS' decision to terminate PLAINTIFF.

36.     As a proximate result of DEFENDANTS' conduct and pursuant to Labor Code § 1102.5(f), PLAINTIFF was harmed and DEFENDANTS are liable to PLAINTIFF for a civil penalty.  DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF's harm.

37.     As a further proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.  PLAINTIFF claims such amounts as damages together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

/ / /

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

Alder Law, P.C.
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

38.     As a further proximate result of the wrongful acts of DEFENDANTS, and each of them, PLAINTIFF has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result.  PLAINTIFF is informed and believes and thereon alleges that he will continue to experience said pain and mental and emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

39.     As a further proximate result of the wrongful acts of DEFENDANTS, and each of them, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover such attorneys' fees and costs under Labor Code § 1102.5(j) and/or any other provision of law providing for attorneys' fees and costs.

40.     The acts taken toward PLAINTIFF were carried out by and/or ratified by DEFENDANTS and/or managing agent employees of DEFENDANTS acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage PLAINTIFF, thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an example of DEFENDANTS.

<u>**SECOND CAUSE OF ACTION**</u>
**Hostile Work Environment**
**[California Government Code §§ 12940 *et seq*.]**
**(By PLAINTIFF against DEFENDANT Employer)**

41.     PLAINTIFF restates and incorporates by this reference each and every preceding paragraph in this complaint as though full set forth at this point.

42.     At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on DEFENDANTS. This statute requires DEFENDANTS to refrain from harassing any employee because he or she is part of a protected class. Throughout her employment, PLAINTIFF was subjected to unwanted harassing conduct because of (1) his race, (2) his age, (3) and for reporting unlawful conduct he reasonably believed to be protected under the FEHA. Government Code section 12940(a). These statutes provide that

1  it is unlawful for an employer to discriminate against an employee on the basis of (1) his race and

2  (2) his age. *Id.*

3  43.    At all times mentioned herein, PLAINTIFF was a person entitled to the protection

4  of the law afforded by California Government Code section 12940(a) which makes it unlawful to

5  discriminate against such a person on account of: (1) his race, and/or (2) his age. PLAINTIFF was

6  subjected to harassing conduct through a hostile work environment, in whole or in part, after

7  PLAINTIFF submitted a formal complaint. Pursuant to Government Code section 12923(b), a

8  single incident or harassing conduct is sufficient to create a hostile work environment if the

9  harassing conduct has unreasonably interfered with PLAINTIFF's work performance or created an

10  intimidating, hostile, or offensive working environment. A reasonable person in PLAINTIFF'S

11  circumstances would have considered the work environment to be hostile or abusive. PLAINTIFF

12  himself deemed and considered the work environment to be hostile or abusive. DEFENDANTS

13  knew or should have known of the conduct, including but not limited to, DEFENDANT PALESH

14  engaged in the harassing conduct and/or because PLAINTIFF reported said conduct to

15  DEFENDANTS, yet DEFENDANTS failed to take immediate and appropriate corrective action.

16  44.    PLAINTIFF suffered adverse employment actions as described herein when

17  DEFENDANTS discriminated against PLAINTIFF on the basis of his (1) race and (2) his age, by

18  reprimanding his performance, denying him work and other job benefits and opportunities,

19  excluding him from meetings, terminating his employment, and replacing his position with a

20  younger, non-Chinese immigrant, English-speaking, employee.  DEFENDANTS' wrongful

21  conduct violates California Government Code section 12940, and was a substantial factor in

22  causing damage and injury to PLAINTIFF, as alleged herein. As a proximate result of

23  DEFENDANTS' willful, knowing, and intentional harassment of PLAINTIFF, PLAINTIFF has

24  sustained and continues to sustain substantial losses of earnings and other employment benefits in

25  an amount according to proof

26  45.    This discrimination violates California Government Code section 12940, and was a

27  substantial factor in causing damage and injury to PLAINTIFF as alleged herein. As a proximate

28  result of DEFENDANTS' willful knowing, and intentional harassment of PLAINTIFF,

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

46.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), PLAINTIFF is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

47.     DEFENDANTS' harassment was committed intentionally, in a malicious, fraudulent, and/or oppressive manner, and this entitles PLAINTIFF to punitive damages against DEFENDANTS. The actions and conduct of the DEFENDANTS were intended to cause injury to PLAINTIFF and constituted deceit and concealment or material facts known to DEFENDANTS with the intention of the DEFENDANTS to deprive PLAINTIFF of legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

**THIRD CAUSE OF ACTION**
**Harassment**
**[Violation of FEHA, California Government Code § 12940, *et seq*.]**
**(By PLAINTIFF against all DEFENDANTS)**

48.     PLAINTIFF restates and incorporates by this reference each and every preceding paragraph in this complaint as though full set forth at this point.

49.     PLAINTIFF told SCOTT and Ms. Delgado-Cheers about PALESH'S retaliatory and harassing behavior.  PLAINTIFF told both SCOTT and Ms. Delgado-Cheers that PALESH'S improper behavior fit all the signs of harassment (as stated in the PFIZER Harassment Training) and that it had created a hostile work environment for him. On that same day, PLAINTIFF spoke to SCOTT and asked if he could temporarily not report to PALESH until the situation improved and/or was investigated by management. However, PLAINTIFF was told that if he wanted to continue to work for DEFENDANT PFIZER, he had to report to PALESH.At all times mentioned herein, the California Fair Employment and Housing Act, California Government Code §§ 12940, et seq. ("FEHA"), was in full force and effect and was binding on each DEFENDANT. These statutes provide that it is unlawful for an employer to discriminate against an employee on the basis of age and race. Cal. Govt. Code § 12940(a). California Government Code provides that it shall be unlawful for an employer or for any person to harass an employee because of a person's

Alder Law, P.C.,
12800 Riverside Drive, 2ⁿᵈ Floor
Valley Village, CA 91607

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

race, age, and for complaining about unlawful conduct based on a person's protected activity. *See* Cal. Gov't Code § 12940. At all times mentioned herein, PLAINTIFF was a person entitled to the protection of the law afforded by California Government Code § 12940(a) which makes it unlawful to discriminate against such a person on account of that person's age and/or race. PLAINTIFF suffered adverse employment actions as described above when DEFENDANTS discriminated against PLAINTIFF on the basis of his age and race, by among other things, reprimanding his performance, denying him work and other job benefits and opportunities, excluding him from meetings, terminating his employment, and replacing his position with a younger, non-Chinese immigrant, English-speaking, employee. PLAINTIFF was age 40 or older at the time of the alleged adverse employment actions.

50.     As alleged above, during PLAINTIFF'S employment with DEFENDANTS, DEFENDANTS intentionally engaged in harassment of PLAINTIFF. DEFENDANTS, including through their managers and supervisors, acted in a manner that was antagonistic to PLAINTIFF and which exhibited harassing motivations, intentions, and consciousness. A reasonable person subjected to the harassing conduct would find, as PLAINTIFF did, that the harassment so altered PLAINTIFF's working conditions as to make it more difficult to do his job.

51.     The doctrines of equitable tolling and continuing violations apply to PLAINTIFF'S claim of harassment. *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798 (2001) (an employee is not required to file a lawsuit the moment conditions become intolerable for the employee); *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88 (2008).

52.     This discrimination violates California Government Code section 12940, and was a substantial factor in causing damage and injury to PLAINTIFF as alleged herein. As a proximate result of DEFENDANTS' willful, knowing, and intentional harassment against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other employment benefits, and has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

/ / /

/ / /

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

Alder Law, P.C.,
12800 Riverside Drive, 2ⁿᵈ Floor
Valley Village, CA 91607

**FOURTH CAUSE OF ACTION**
**Failure to Prevent, Investigate, and Remedy Harassment, or Retaliation**
**[Violation of the FEHA, Cal. Gov't Code § 12940(k)]**
**(By PLAINTIFF against DEFENDANT Employer)**

53.     PLAINTIFF restates and incorporates by this reference each and every preceding paragraph in this complaint as though full set forth at this point.

54.     California law requires employers to "take all reasonable steps necessary to prevent" and correct wrongful behavior, including but not limited to, discriminatory and harassing behavior in the workplace. *See* Cal. Gov't Code §12940(k); *see also* Cal. Gov't Code § 12940(j). ("Harassment of an employee … shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action."). DEFENDANTS knew or should have known of this harassing conduct and failed to take immediate and appropriate correct action. PLAINTIFF reported PALESH'S retaliatory conduct to DEFENDANT PFIZER'S Ombudsman Advisor Lourdes Delgado-Cheers. PLAINTIFF informed SCOTT and Ms. Delgado-Cheers about PALESH'S retaliatory and harassing behavior. PLAINTIFF told both SCOTT and Ms. Delgado-Cheers that PALESH'S improper behavior fit all the signs of harassment (as stated in the PFIZER Harassment Training) and that it had created a hostile work environment for him. On that same day, PLAINTIFF spoke to SCOTT and asked if he could temporarily not report to PALESH until the situation improved and/or was investigated by management. However, PLAINTIFF was told that if he wanted to continue to work for DEFENDANT PFIZER, he had to report to PALESH.

55.     As alleged herein and above, DEFENDANTS violated California law by failing to take all reasonable steps necessary to prevent the harassment, discrimination, and retaliation from occurring. *See* Cal. Gov't. Code § 12940(k). DEFENDANTS failed to prevent the harassment, discrimination and retaliation, and it failed to make an adequate response and investigation into the conduct of DEFENDANTS, and thereby established a policy, custom, practice, or usage within the organization of DEFENDANTS, which condoned, encouraged, tolerated, sanctioned, ratified, approved of the harassment by DEFENDANTS.  DEFENDANTS reprimanded PLAINTIFF's performance, denied him work and other job benefits and opportunities, excluded him from

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

meetings, terminated his employment, and replaced his position. DEFENDANTS did not have an adequate harassment policy, did not adequately enforce an anti-harassment policy, and did not provide adequate harassment prevention training with respect to DEFENDANTS' supervisors, including PALESH. DEFENDANTS knew or reasonably should have known that the failure to provide adequate education, training, and information to DEFENDANTS supervisors, including PALESH, as to harassment prevention policies and practices that would result in harassment against employees, including, but not limited to, PLAINTIFF.

56.    As a proximate result of DEFENDANTS' willful, knowing, and intentional failure to prevent, investigate or remedy harassment, discrimination, and retaliation against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other employment benefits. DEFENDANTS failure to take all reasonable steps to prevent harassment from occurring, to provide adequate education, training, and information to supervising personnel concerning harassment prevention policies and practices constituted a deliberate indifference to the rights of PLAINTIFF under California Government Code section 12940 *et seq.*

57.    As a proximate result of DEFENDANTS' willful, knowing, and intentional failure to prevent, investigate, or remedy discrimination, harassment, or retaliation against PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.  PLAINTIFF has incurred and continues to incur legal expenses and

attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFF is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

58.    DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF is thus entitled to punitive damages from DEFENDANTS in an amount according to proof.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**FIFTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**[California Gov. Code 12965(b) and Gov. Code Section 12900 *et seq.*]**
**(By PLAINTIFF against DEFENDANT Employer)**

59.     PLAINTIFF restates and incorporated by this reference each and every preceding paragraph in this complaint as though fully set forth at this point.

60.     The above-referenced conduct was extreme, outrageous and beyond all possible bounds of human decency as DEFENDANTS knew and condoned the intentional conduct of its agents, which conduct is regarded as atrocious and utterly intolerable in an employment environment or civilized community matter. Plaintiff is informed and believes and thereon alleges that DEFENDANTS, by and through their principles agents and employees, conducted themselves negligently in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act. The unlawful harassment towards Plaintiff, due to its improper motivations and surrounding circumstances, constitute extreme and outrageous conduct by the DEFENDANTS, and each of them. The specific acts and conduct of DEFENDANTS harassment towards PLAINTIFF exceeded the normal risks inherent in the employment relationship.

61.     DEFENDANTS conduct was done with reckless disregard of the probability of causing PLAINTIFF emotional distress or with the intent of causing PLAINTIFF to suffer emotional distress. Through the outrageous conduct described herein, DEFENDANTS, by and through their principles, agents, and employees, intended to cause or with reckless disregard for the probability of causing PLAINTIFF to suffer severe emotional distress.

62.     PLAINTIFF did in fact suffer severe emotional distress. PLAINTIFF'S emotional distress was a direct and proximate result of outrageous conduct of DEFENDANTS.

63.     Moreover, DEFENDANTS' conduct was oppressive, fraudulent, malicious, despicable, and was carried on by DEFENDANTS with willful disregard of the rights or safety of PLAINTIFF. DEFENDANTS therefore subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's rights.

/ / /

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

64.     As a further proximate result of DEFENDANTS' actions against PLAINTIFF, as alleged above, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body. PLAINTIFF is thereby entitled to general and compensatory damages in an amount to be proven at trial.

65.     PLAINTIFF is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual has advanced knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of PLAINTIFF and for the deleterious consequences of DEFENDANTS' actions, and after becoming aware of their wrongful conduct, each DEFENDANT and DOES 1 through 100 by and through its agents, and each individual DEFENDANT and DOES 1 through 100, authorized and ratified the wrongful conduct herein alleged. Accordingly, PLAINTIFF seeks an award of punitive and exemplary damages in an amount according to proof.

## SIXTH CAUSE OF ACTION
### Violation of Business & Professions
### [Code §17200-17208]
### (By PLAINTIFF against DEFENDANT Employer)

66.     PLAINTIFF restates and incorporates by this reference each and every preceding paragraph in this complaint as though full set forth at this point.

67.     California Business & Professions Code §§ 17200-*et seq*. prohibits acts of unfair competition, which includes any "unlawful and unfair business practices."  It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

68.     Through the conduct alleged herein, DEFENDANTS acted contrary to these public policies and has engaged in unlawful and/or unfair business practices in violation of Business &

Alder Law, P.C.,
12800 Riverside Drive, 2ⁿᵈ Floor
Valley Village, CA 91607

Professions Code §§17200, *et seq.* depriving PLAINTIFF his rights, benefits, and privileges guaranteed to employees under California law.

69.      Additionally, and throughout PLAINTIFF'S employment with DEFENDANTS, DEFENDANTS have committed unlawful, unfair, and/or fraudulent business acts and practices as defined and in violation of Business & Professions Code §§17200 by failing to pay overtime wages, to provide meal and rest breaks, to pay wages due at the time of separation, to furnish timely and accurate wage statements, to remit gratuities, and to reimburse business expenses in violation of California law.

70.      By engaging in these business practices, which are unfair business practices within the meaning of Business & Professions Code §§17200 *et. seq*., DEFENDANTS have reaped unfair benefits and illegal profits at the expense of PLAINTIFF. DEFENDANTS must disgorge these ill-gotten gains and restore to PLAINTIFF the wrongfully withheld wages pursuant to section 17203 of the California Business and Professions Code.

**SEVENTH CAUSE OF ACTION**
**Retaliation In Violation of Public Policy**
**[Government Code § 12900, *et seq*.]**
**(By PLAINTIFF against DEFENDANT Employer)**

71.      PLAINTIFF restates and incorporates by this reference each and every preceding paragraph in this complaint as though full set forth at this point. At all times herein mentioned, the FEHA was in full force and effect and was binding on DEFENDANTS. This statute requires DEFENDANTS to refrain from retaliating against any employee for opposing practices forbidden by the FEHA or who asserts rights under FEHA, including complaining of discrimination or harassment. These sections required DEFENDANTS to refrain from retaliating against PLAINTIFF because he participated in a protected activity. California Gov. Code § 12940, *et seq*.

72.      PLAINTIFF participated in the protected activities of reporting unlawful activity at work because of his age and race, including but not limited to harassment, discrimination, and retaliation. DEFENDANTS, through their agents and supervisors, took actions and made a number of comments to and about PLAINTIFF that exhibited discriminatory, harassing and retaliatory motivations, intentions, and consciousness.

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

73.     PLAINTIFF suffered adverse employment actions as described herein when DEFENDANTS retaliated against PLAINTIFF on the basis of his protected activities by reprimanding his performance, denying him work and other job benefits and opportunities, excluding him from meetings, terminating his employment, and replacing his position with a younger, non-Chinese immigrant, English-speaking, employee. The decision to terminate PLAINTIFF's employment was in retaliation for PLAINTIFF engaging in protected activity, including his complaints described above.

74.     The doctrines of equitable tolling and continuing violations apply to PLAINTIFF'S claims of retaliation.  *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798 (2001); *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88 (2008).

75.     PLAINTIFF is informed and believes, and based thereon alleges, that her protected activities of reporting unlawful activity at work because of his age and race, including but not limited to harassment, discrimination, and retaliation, were substantial motivating reasons for DEFENDANTS performing the aforementioned adverse employment actions. This retaliation violates California Government Code § 12940, and was a substantial factor in causing damage and injury to PLAINTIFF, as alleged herein. As a proximate result of DEFENDANTS' willful, knowing, and intentional retaliation against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses of earnings and other employment benefits in an amount according to proof.

76.     As a proximate result of DEFENDANTS' willful, knowing, and intentional retaliation against PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

77.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Government Code section 12965(b), PLAINTIFF is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

78.     DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

1   is thus entitled to punitive damages from DEFENDANTS in an amount according to proof. The

2   actions and conduct of the DEFENDANTS were intended to cause injury to PLAINTIFF and

3   constituted deceit and concealment of material facts known to DEFENDANTS with the intention

4   of the DEFENDANTS to deprive PLAINTIFF of legal rights, justifying an award of exemplary

5   and punitive damages in an amount according to proof.

6                              **EIGHTH CAUSE OF ACTION**
                          **Wrongful Termination in Violation of Public Policy**
7                          **(By PLAINTIFF against DEFENDANT Employer)**

8

9        79.     PLAINTIFF restates and incorporates by this reference each and every preceding

10  paragraph in this complaint as though full set forth at this point.

11       80.     Under California law, it is unlawful for an employer to terminate an employee in

12  violation of a fundamental public policy of the United States of America and/or the State of

13  California.

14       81.     As alleged herein, DEFENDANT'S decision to terminate PLAINTIFF was

15  substantially motivated by PLAINTIFF'S protected status in blatant violation of the public policy

16  protections set forth in the FEHA and California Labor Code.  PLAINTIFF is informed and

17  believes that DEFENDANT'S managing agents made the decision to terminate PLAINTIFF and

18  that DEFENDANT ratified its decision.

19       82.     As a direct and proximate result of the violation of PLAINTIFF's rights under

20  California law, PLAINTIFF has sustained and continues to sustain substantial losses of earnings

21  and employment benefits.

22       83.     As a proximate result of the violation of PLAINTIFF'S right under California law,

23  PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and

24  mental pain and anguish, all to her damage in a sum according to proof.

25       84.     DEFENDANT committed the acts herein despicably, maliciously, fraudulently, and

26  oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil

27  motive amounting to malice, and in conscious disregard of the rights of PLAINTIFF.  PLAINTIFF

28  is thus entitled to punitive damages from DEFENDANT in an amount according to proof.

**Alder Law, P.C.**
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

PLAINTIFF is presently unaware of the precise amount of these expenses and fees, and prays leave of Court to amend this Complaint when the amounts are more fully known.

### PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF prays for relief against DEFENDANTS as follows:

1. For economic, non-economic, general and compensatory damages, including but not limited to lost wages and employment benefits at the prevailing rate and other special damages according to proof;

2. For mental and emotional distress damages;

3. For punitive and exemplary damages;

4. For an award of interest, including prejudgement interest, at the legal rate;

5. For equitable remedies including injunctive and declaratory relief;

6. For interest accrued to date;

7. For costs of suit, including reasonable attorneys fees and costs, including expert witness fees, pursuant to California Government Code section 12965(b), and all other applicable laws;

8. For reinstatement to his job with DEFENDANT EMPLOYER; and

9. For such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

10. PLAINTIFF hereby demands a jury trial for the causes of action set forth herein.

DATED:  January 29, 2024                    **ALDERLAW, PC**

By: _____
        MICHAEL ALDER
        ZULMA MUNOZ
        *Attorneys for PLAINTIFF*
        FRANK HAN

Alder Law, P.C.,
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 24, 2023

Michael Alder
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202302-19785124
        Right to Sue: Han / Pfizer

Dear Michael Alder:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 12/22)



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 24, 2023

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202302-19785124
      Right to Sue: Han / Pfizer

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD)) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to CRD is requested or required.

Sincerely,



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency            GAVIN NEWSOM, GOVERNOR

                                                                        KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 24, 2023

Frank Han
,

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202302-19785124
      Right to Sue: Han / Pfizer

Dear Frank Han:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 24, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
CRD Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Civil Rights Department

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Frank Han                                                    CRD No. 202302-19785124

                              Complainant,

vs.

Pfizer
2002 N Tampa Street
Tampa, FL 33602

                              Respondents

---

**1.** Respondent **Pfizer** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Frank Han**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **November 3, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's age (40 and over), race (includes hairstyle and hair texture).

**Complainant was discriminated against** because of complainant's age (40 and over), race (includes hairstyle and hair texture) and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

**Additional Complaint Details:** Respondent Pfizer hired Claimant on or around 2017 as an Associate Director and Group Lead for Statistical Programming and was soon after promoted to Director of Global Compliance and Analytics.

-1-
*Complaint – CRD No. 202302-19785124*

Date Filed: February 24, 2023

CRD-ENF 80 RS (Revised 12/22)

In or around November 2021, Claimant present a new algorithm to detect fraud. In this development, Claimant noticed fraudulent activity and raised compliance concerns – potential Foreign Corrupt Practices Act (FCPA) violations –  to supervisors.

On or around January 21, 2022, during Claimant's review, Supervisor Tara Palesh began baselessly critiquing his work, berating him, and impeding his ability to perform his job.

In or around March 2022, in a one-on-one meeting, Palesh began raising her voice and ultimately yelled at Claimant Claimant then reported Palesh's improper behavior to Palesh's manager, Jeff Scott. Scott did nothing.

On or around April 2022, Claimant reported Palesh's improper treatment to Respondent's Advisor, Lourdes Delgado-Cheers. Claimant reported the harassment and hostile work environment to Delgado-Cheers.

In or around May 2022, Palesh created barriers causing Project delays for Claimant ultimately affecting his performance. In or around August 2022, Palesh issued Claimant a 1.6/5 on his Performance Review in retaliation of reporting her harassment. Claimant reported further concerns to Delgado-Cheers. In or around September 2022, Claimant met with Eric Eichinger from Human Resources and reported all issues. Claimant was told that an investigation would be conducted. In or around October 2022, Eichinger concluded his investigation but did not disclose his findings. Claimant was left with no choice but to report to the SEC about the perceived FCPA violations.

On or around October 22, 2022, Claimant filed a report with the SEC, where he reported foreign bribery, misrepresentation and corruption. On or around November 03, 2022, only days after filing an SEC complaint, Palesh and Pfizer retaliated against Claimant and terminated him.

Date Filed: February 24, 2023

CRD-ENF 80 RS (Revised 12/22)

1

VERIFICATION

2

3

I, **Michael Alder**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

4

5

On February 24, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6

**Valley Village, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-

*Complaint – CRD No. 202302-19785124*

27

Date Filed: February 24, 2023

28

CRD-ENF 80 RS (Revised 12/22)