Alison L. Lynch (SBN 240346)
Parth P. Jani (SBN 334881)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Tel: (949) 885-1360
Fax: (949) 885-1380
Alison.Lynch@jacksonlewis.com
Parth.Jani@jacksonlewis.com

Donald E. English, Jr. (SBN 0006210135)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
Tel: (410) 415-2007
Fax: (410) 415-2001
Donald.English@jacksonlewis.com

Attorneys for Defendants
PFIZER INC., TARA PALESH,
JEFF SCOTT and ERIC EICHINGER

**UNITED STATE DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK HAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PFIZER INC.; a Delaware corporation; TARA PALESH, an individual; JEFF SCOTT, an individual; ERIC EICHINGER, an individual and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 3:23-cv-03908 (AMO)<br><br>[*Assigned to Hon. Araceli Martinez-Olguin*]<br><br>**DEFENDANT PFIZER INC.'S REPLY TO PLAINTIFF'S OPPOSITION RE MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:     July 11, 2024<br>Time:    2:00 p.m.<br>Crtrm:   10<br><br>State Court Complaint Filed: April 25, 2023<br>First Amended Complaint: January 29, 2024<br>Trial Date:                         Not Set |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 6

II. LEGAL STANDARD ..................................................................................................... 7

III. LEGAL ARGUMENT ..................................................................................................... 8

    A. LIBERAL PLEADING RULES ARE NOT DESIGNED TO ALLOW A PARTY TO CONDUCT DISCOVERY TO FIND THE FACTS IN SUPPORT OF A CLAIM. ............................................................................... 8

    B. PLAINTIFF STILL MUST PLEAD SEVERE OR PERVASIVE CONDUCT BASED ON A FEHA PROTECTED CATEGORY TO STATE A HARASSMENT CLAIM ............................................................. 9

    C. THERE ARE NO FACTS OF ANY ALLEGED HARASSING CONDUCT BY DEFENDANTS EICHINGER OR SCOTT TOWARD PLAINTIFF ........................................................................................ 11

    D. PLAINTIFF CONTINUES TO MISUNDERSTAND THE MIXED-MOTIVE THEORY. ....................................................................................... 13

    E. PLAINTIFF'S DERIVATIVE FAILURE TO PREVENT HARASSMENT AND RETALIATION CLAIM FAILS BECAUSE HIS HARASSMENT AND RETALIATION CLAIMS FAIL..................... 14

    F. PLAINTIFF'S COMPLAINT FAILS TO PLEAD A FEHA RETALIATION CLAIM. ................................................................................ 14

    G. NO EXTREME OR OUTRAGEOUS CONDUCT HAS BEEN ARTICULATED BY PLAINTIFF. ............................................................. 15

    H. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND. .......... 16

IV. CONCLUSION............................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 8, 9, 15

*Bejarano v. Int'l Paper Co.*,
  No. 1:13-cv-01859-AWI-GSA, 2015 U.S. Dist. LEXIS 8021 (USDC ED Cal. Jan. 23, 2015) ................................................................................................... 16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 8

*Cotton v. City of Alameda*,
  812 F.2d 1245 (9th Cir. 1987) .................................................................................. 9

*Hall-Johnson v. City & Cty. of S.F.*,
  No. 18-cv-01409-LB, 2018 U.S. Dist. LEXIS 230486 (N.D. Cal. Sep. 6, 2018) ....................................................................................................................... 10

*McKenna v. Permanente Med. Grp., Inc.*,
  894 F. Supp. 2d 1258 (E.D. Cal. 2012) ............................................................... 9, 16

*Moss v. United States Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) .................................................................................... 8

*Patterson v. O'Neal*,
  673 F. Supp. 2d 974 (N.D. Cal. 2009) ...................................................................... 9

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) .................................................................................... 9

*Saul v. United States*,
  928 F.2d 829 (9th Cir. 1991) .................................................................................. 17

*Smith v. Cal.*
  2018 U.S. Dist. LEXIS 80156 (E.D. Cal. May 11, 2018) ....................................... 14

*Villalobos v. Costco Wholesale Corp.*,
  No. 2:23-cv-00622-DJC-JDP, 2023 U.S. Dist. LEXIS 138970 (E.D. Cal. Aug. 8, 2023) ........................................................................................................... 15

*Wyland v. Berry Petro. Co., Ltd. Liab. Co.*,
  No. 1:18-cv-01414-DAD-JLT, 2019 U.S. Dist. LEXIS 35300 . (E.D. Cal.
  Mar. 5, 2019) ..................................................................................................................... 12

**California Cases**

*Aguilar v. Avis Rent A Car Sys., Inc.*,
  21 Cal. 4th 121 (1999) ..................................................................................................... 10

*Alamo v. Practice Mgmt. Info. Corp.*,
  219 Cal.App.4th 466 (2013) ...................................................................................... 14, 15

*Beltran v. Hard Rock Hotel Licensing, Inc.*
  97 Cal.App.5th 865 (2023) ................................................................................... 10, 11, 12

*Case Title v. Natomas Unified Sch. Dist.*,
  2019 Cal. Super. LEXIS 64559 ....................................................................................... 10

*Cornell v. Berkeley Tennis Club*,
  18 Cal. App. 5th 908 (2017) ............................................................................................ 16

*Harris v. City of Santa Monica*,
  56 Cal. 4th 203 (2013) ..................................................................................................... 14

*Martin v. Board of Trustees of California State University*,
  97 Cal.App.5th 149 (2023) ................................................................................... 11, 13, 14

*Thompson v. City of Monrovia*,
  186 Cal.App.4th 860 (2010) ............................................................................................ 12

*Trujllo v. North County Transit Dist.*,
  63 Cal.App.4th 280 (1998) .............................................................................................. 15

**Federal Statutes**

FCPA .................................................................................................................................... 13

**California Statutes**

Fair Employment and Housing Act ........................................................................................ 7

FEHA ............................................................................................................................. *passim*

Worker's Compensation Act .................................................................................................. 8

Cal. Gov. Code
    § 12940 .................................................................................................................. 10

**Other State Statutes**

Gov. Code 12923 ........................................................................................................ 11

**Other Authorities**

CACI 2521A ............................................................................................................... 11

Federal Rule of Civil Procedure Rule 8 ............................................................................ 9

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Pfizer Inc. ("Pfizer"), Tara Palesh ("Palesh"), Jeff Scott ("Scott"), and Eric Eichinger ("Eichinger") (collectively "Defendants") hereby submits its reply of its Motion to Dismiss Plaintiff's First Amended Complaint.

## I.   INTRODUCTION

Plaintiff's Opposition proves that the Court should grant Pfizer's Motion without leave to amend. Plaintiff confuses legal conclusions with facts. Although Plaintiff claims otherwise throughout his Opposition, both the First Amended Complaint ("FAC") and Plaintiff's Opposition fail to allege any <u>facts</u> regarding any conduct by any defendant directed toward Plaintiff based on any category or conduct protected by the Fair Employment and Housing Act ("FEHA"). Reporting conduct to the SEC and so-called "whistleblowing" about an alleged financial compliance concern are simply not activities the FEHA protects. And alleging, without facts, that he was "harassed" and "retaliated against" does not establish a FEHA claim.

This is not a request to ignore the leniency afforded by liberal pleading rules. Even accepting such rules, Plaintiff has still not identified any facts that would support a FEHA claim. Instead, he argues *through legal conclusions* that his age and race and his "reporting harassment based on age and race/ethnicity" were protected characteristics and/or activities that must have motivated his employment termination. Without any facts to explain the basis for these claims, they simply cannot survive. Otherwise, any person could conclude a legal violation and then be allowed to proceed through discovery with nothing more than a broad claim that a law was violated. This is not what the rules of pleading contemplate. Simply being over the age of 40, or the "only non-native English speaker" on a team does not establish a violation of the FEHA if there are no factual allegations tying conduct directed at Plaintiff based on those characteristics. Likewise, simply claiming he "reported

harassment based on age and race" does not establish FEHA-protected reporting when the FAC does not otherwise include facts about harassing behavior tied to race or age. Plaintiff has simply not properly plead a FEHA claim.

The Court also should dismiss the fifth cause of action for intentional infliction of emotional distress because that claim is pre-empted by the Worker's Compensation Act and in any event, the Complaint fails to state facts showing extreme or outrageous conduct. Pfizer respectfully requests that the second, third, fourth, fifth and seventh causes of action be dismissed without leave to amend.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, a complaint must contain enough facts to "nudge[] [Plaintiffs'] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, *they must be supported by factual allegations*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, *supra*, 556 U.S. at 679 (emphasis added). However, "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. To establish a "plausible" claim, the complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. (citing *Twombly*, *supra*, 550 U.S. at 555). "[F]or a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009).

/ / /

/ / /

## III. LEGAL ARGUMENT

### A. LIBERAL PLEADING RULES ARE NOT DESIGNED TO ALLOW A PARTY TO CONDUCT DISCOVERY TO FIND THE FACTS IN SUPPORT OF A CLAIM.

Plaintiff continues to argue that "allowing [him] to proceed with the discovery phase" would support his "further examination" of a potential FEHA claim. Even the liberal pleading rules do not support pursuing legal claims with the hopes of finding facts to support them through discovery. *Patterson v. O'Neal*, 673 F. Supp. 2d 974, 982 (N.D. Cal. 2009) (dismissing Plaintiff's complaint because the Court found that, even if there is a possibility that discovery could turn up some hypothetical evidence to support a cause of action, plaintiffs must meet the pleading requirement with non-conclusory factual content that plausibly suggest a claim entitling the plaintiff to relief). Federal Rule of Civil Procedure Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft, supra,* 556 U.S. at 678-79; see *McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258, 1281-82 (E.D. Cal. 2012) (finding plaintiff's argument that she could discover facts through discovery was unavailing given that she would possess the knowledges if the alleged acts occurred).

Dismissal is appropriate if there is an absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). While the pleading standard of Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders *naked assertions devoid of further factual enhancement*." *Ashcroft*, *supra*, 556 U.S. at 678-79 (emphasis added); s*ee Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987) (holding plaintiff "makes out a prima facie case of [age] discrimination if he demonstrates that he was within the protected class of individuals between forty and

seventy years of age," that he "applied for a position for which he was qualified," and that "a younger person with similar qualifications received the position").

Plaintiff's FAC and Opposition fail to describe any facts supporting a claim that the conduct at issue (poor performance reviews, criticism, and his eventual employment termination) was directed at him *because of his race or age*. Instead, he simply identifies his race (Chinese) and age (57) and the alleged harassing and/or retaliatory conduct ("the striping [*sic*] of Plaintiff's job duties, yelling at him, berating him, belittling him, reprimanding him and ultimately, terminating him"), and then concludes, without explanation, that he was subjected to the harassing and/or retaliatory behavior because of his race and/or his age. **There is nothing about the conduct at issue, however, that illustrates any connection to his race or age**. This is not sufficient to state a FEHA claim. *See gen*, Cal. Gov. Code § 12940. His FEHA claims should be dismissed.

### B. PLAINTIFF STILL MUST PLEAD SEVERE OR PERVASIVE CONDUCT BASED ON A FEHA PROTECTED CATEGORY TO STATE A HARASSMENT CLAIM

The FEHA prohibits harassment, including the creation of a hostile work environment, based on protected specific enumerated categories. Cal. Gov. Code 12940(j)(1). The alleged harassing conduct at issue must be either severe or pervasive, must be outside the scope of employment, and importantly, must be directed at the plaintiff-employee based on a protected category under the FEHA. *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999); *Hall-Johnson v. City & Cty. of S.F.*, No. 18-cv-01409-LB, 2018 U.S. Dist. LEXIS 230486, at *12 (N.D. Cal. Sep. 6, 2018); *Case Title v. Natomas Unified Sch. Dist.*, 2019 Cal. Super. LEXIS 64559, *5-6.

Plaintiff attempts to misguide this Court that Defendants are relying on an "outdated" standard in their Motion. [Opp. at 10:14.] Plaintiff claims that "*Fisher* and its progeny have been held to no longer be 'good law when it comes to determining what conduct creates a hostile environment…" *Beltran v. Hard Rock Hotel Licensing, Inc*. 97 Cal.App.5th 865, 877-888 (2023)." [Opp. at 11:3-5.]

Plaintiff ignores that Defendants cite *Beltran* for clarifying the requirements under FEHA by identifying the factors to consider to evaluate whether a conduct is severe or pervasive, including: (a) the nature of the conduct, (b) how often, and over what period of time, the conduct occurred, (c) circumstances under which the conduct occurred, (d) whether the conduct was physically threatening or humiliating, and (e) a reasonable person who was subjected to the harassing conduct would find that the conduct so altered working conditions as to make it more difficult to do the job. *Id.* at 865. The point is that <u>the requirement to plead and prove harassing conduct that is severe or pervasive based on a FEHA protected category remains unchanged</u>. *Id. see also* CACI 2521A.

Defendants accurately state that even under the guidance from *Beltran*, Plaintiff's FAC and Opposition fail to describe any harassing conduct based on his race and age. Plaintiff instead makes barebone conclusory statements, such as that Plaintiff "faced frequent and escalating harassment, including frivolous accusations and retaliatory behavior." [Opp. at 7:12-13.] Yet, Plaintiff fails to state any facts that would prove any behavior towards him was due to his race or age.

Plaintiff's FAC alleges just one comment that involves age, but on its face, the comment is not negative or "harassing" based on age.  Instead, it is a statement that pursuit of a five-year degree at a certain stage in one's career would be a "waste of time because of [Plaintiff's] age."  There is nothing overtly negative towards age about this comment, and even if there were, one comment alone is simply not severe or pervasive.  *See* Gov. Code 12923 (explaining that the conduct at issue must be "harassing conduct" and that to establish a harassment claim, it must "unreasonably interfere[] with the plaintiff's work performance or create[] an intimidating, hostile or offensive work environment"); *see also Martin v. Board of Trustees of California State University,* 97 Cal.App.5th 149, 170 (2023) (upholding summary judgment of a gender harassment claim when the one comment at issue – #comeatmebro – was ambiguous, and not sufficiently severe or pervasive to establish a harassment claim).

With respect to race, there are literally no negative comments or conduct that can be tied to race in the FAC.  In *Thompson v. City of Monrovia*, 186 Cal.App.4th 860, 879 (2010), the plaintiff based his hostile work environment claim on his negative performance evaluations and placement into a "work improvement contract." *Id*. at pp. 865, 868. The Court held that these "personnel decisions...do not come within the meaning of harassment." *Id*. at p. 879. Without any facts to support this claim, his FAC fails to plead a claim for harassment based on age. *See also*, *Wyland v. Berry Petro. Co., Ltd. Liab. Co.*, No. 1:18-cv-01414-DAD-JLT, 2019 U.S. Dist. LEXIS 35300 at *16. (E.D. Cal. Mar. 5, 2019) (dismissing Plaintiff's age-based harassment claims because the factual allegations were insufficient to state a plausible claim and the "court need not assume the truth of [these] legal conclusions cast[ed] in the form of factual allegations.")

Therefore, even under the guidance provided by *Beltran*, Plaintiff's FAC fails to plead severe or pervasive conducted based on a FEHA protected category.

### C. THERE ARE NO FACTS OF ANY ALLEGED HARASSING CONDUCT BY DEFENDANTS EICHINGER OR SCOTT TOWARD PLAINTIFF

Plaintiff's Opposition states that the FAC is "replete with allegations that Defendants engaged in conduct constituting harassment." [Opp. at 13:21-22.]  However, Plaintiff's FAC and Opposition does not allege any harassing conduct by Defendants Eichinger or Scott. Specifically:

- ¶ 15: On or around March 31, 2022, PLAINTIFF reported PALESH's harassing and retaliatory treatment to his manager, DEFENDANT SCOTT.
- ¶ 16: PLAINTIFF informed SCOTT … about PALESH'S retaliatory and harassing behavior.  PLAINTIFF told … SCOTT … that PALESH'S improper behavior fit all the signs of harassment (as stated in the PFIZER Harassment Training) and that it had created a hostile work environment for him. On that same day, PLAINTIFF spoke to SCOTT and asked if he could temporarily not report to PALESH until the situation improved and/or was investigated by management. However, PLAINTIFF was told that if he wanted to continue to work for DEFENDANT PFIZER, he had to report to PALESH.

- ¶ 24: On or around September 20, 2022, PLAINTIFF met with SCOTT in regard to the Independent Performance Review investigation that was to be conducted by SCOTT. To date, PLAINTIFF has never been informed of any outcome regarding said investigation by SCOTT.

The allegations in the FAC regarding Defendant Scott do not describe any harassing conduct by Scott. At best, it pleads Defendant Scott was informed of Plaintiff's complaints and he investigated them, which is a personal management decision that cannot support a harassment claim. *See, Martin v. Bd. of Trs. of Cal. State Univ.*, 97 Cal.App.5th 149, 172-73 (2023) (explaining that carrying out the function to investigate a claim of harassment or discrimination cannot support a harassment claim.)

Similarly, the allegations regarding Defendant Eichinger include that he investigated Plaintiff's concerns:

- ¶ 22: On or around September 1, 2022, PLAINTIFF met with DEFENDANT PFIZER'S Human Resource Manager, Eric EICHINGER. DEFENDANT EICHINGER broke down PLAINTIFF'S concerns in PLAINTIFF'S rebuttal letter into three categories: (1) employee relation issues between PLAINTIFF and PALESH; (2) performance review issues; and (3) business issues. As to (1), EICHINGER told PLAINTIFF that he would investigate PLAINTIFF'S concerns. Regarding (2), EICHINGER told PLAINTIFF he would have SCOTT investigate. Regarding (3), EICHINGER told PLAINTIFF that DEFENDANT PFIZER'S audit team would investigate the business concerns. PLAINTIFF was only ever contacted by the audit team for an initial discussion.
- ¶ 23: On or around September 12, 2022, PLAINTIFF spoke to Jane Gerasimova and Brian Badal from DEFENDANT PFIZER's Corporate Investigation team and once again raised concerns about the FCPA violations. In response, EICHINGER told PLAINTIFF: "Per corporate audit's investigative process, no further action has been deemed necessary."
- ¶ 25: On or around October 12, 2022, Mr. EICHINGER allegedly concluded his investigation and left PLAINTIFF with the impression that he would inform PLAINTIFF of the investigation results. To date, PLAINTIFF has never been informed of any outcome of said investigation.

The allegations toward Defendant Eichinger also fail to describe any harassing conduct. Again, investigating a complaint is a normal personnel practice that does not rise to any harassing conduct. *See, Martin*, 97 Cal.App.5th at 139.

Plaintiff's FAC allegations, stated above, against Defendants Scott and Eichinger fail to allege that Plaintiff was subjected to any harassing conduct based on his age or race by them. Plaintiff's FAC is not "replete" with such allegations; it is devoid of them. His claims against Scott and Eichinger should be dismissed. *See, Smith v. Cal.* 2018 U.S. Dist. LEXIS 80156, at *10-11 (E.D. Cal. May 11, 2018) (Granting a motion to dismiss because plaintiff included no factual allegations that she was subjected to any personnel decision making based on her race or treated differently than other non-African-American employees or that any other individual was given "preference in tasks, scheduling and activities.")

### D. PLAINTIFF CONTINUES TO MISUNDERSTAND THE MIXED-MOTIVE THEORY.

A mixed-motive <u>defense</u> under the FEHA allows a defendant-employer to avoid liability if it can prove that, even if an unlawful reason (discrimination based on race or age) motivated an employment decision toward the plaintiff-employee, the defendant-employer would have made the same decision anyway for legitimate, non-discriminatory reasons. *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 241 (2013). In other words, that <u>the defendant</u> had a "mixed motive" for the action at issue. It does not refer to <u>a claim</u> – as Plaintiff suggests – where a plaintiff-employee has multiple theories about the different "motives" for the employment decision. And in any event, Plaintiff has consistently alleged just one motive – retaliation for reporting perceived financial irregularities.

Plaintiff's reliance on *Alamo v. Practice Mgmt. Info. Corp.*, 219 Cal.App.4th 466, 476 (2013) is incorrect as in *Alamo*, the court was determining whether jury instructions could be given to a defendant who failed to raise a mixed-motive affirmative defense. The court concluded that the defendant's failure to plead the mixed-motive or same-decision defense in its answer constituted a waiver of the defense at trial, and thus, the trial court

did not err in refusing to instruct the jury on the defense. *Id.* at 481. *Alamo* is not applicable here and Plaintiff's reliance on it only supports Defendants' position that Plaintiff misunderstands the mixed-motive theory.

### E. PLAINTIFF'S DERIVATIVE FAILURE TO PREVENT HARASSMENT AND RETALIATION CLAIM FAILS BECAUSE HIS HARASSMENT AND RETALIATION CLAIMS FAIL

As outlined in its Motion, Plaintiff's derivative Failure to Prevent Harassment and Retaliation claim necessarily fails because he has failed to appropriate plead claims for harassment and retaliation. *Trujllo v. North County Transit Dist.*, 63 Cal.App.4th 280 (1998).

### F. PLAINTIFF'S COMPLAINT FAILS TO PLEAD A FEHA RETALIATION CLAIM.

Plaintiff's FAC and Opposition fail to plead <u>facts</u> in support of a FEHA retaliation claim. While Plaintiff is correct that the FEHA prohibits retaliation for conduct the plaintiff-employee reasonably believes is unlawful, he ignores that the plaintiff-employee must reasonably believe it was unlawful *under the FEHA*. Plaintiff's FAC is devoid of any facts describing complaints about any conduct he could reasonably perceive violated the FEHA. He again only offers legal conclusions in the form of "complaints about harassment." Yet, this legal conclusion is not supported by any facts besides those related to his complaint about financial irregularities. The "protective umbrella of FEHA" does not include Plaintiff's legal conclusions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft, supra,* 556 U.S. at 662-63. It is clear that the legal conclusions here thus do not establish that Plaintiff engaged in protected activity under the FEHA. *See also Villalobos v. Costco Wholesale Corp.*, No. 2:23-cv-00622-DJC-JDP, 2023 U.S. Dist. LEXIS 138970, at *32 (E.D. Cal. Aug. 8, 2023) (dismissing Plaintiff's retaliation claims because she failed to allege facts tying any adverse employment action with her actual/perceived disability or other protected category or conduct.)

## G. NO EXTREME OR OUTRAGEOUS CONDUCT HAS BEEN ARTICULATED BY PLAINTIFF.

Plaintiff has not described in his FAC or Opposition any "extreme or outrageous conduct" outside the scope of the employment relationship to support his fifth cause of action for Intentional Infliction for Emotional Distress ("IIED"). Personnel management activity is simply insufficient to support a claim of IIED, even if improper motivation is alleged. *McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258, 1274 (E.D. Cal. 2012). As described in the Motion, the alleged statements by Defendant Palesh constitute personnel management activity and do not, as a matter of law, rise to the level of "extreme and outrageous."

While the plaintiff is correct that normally, a plaintiff may pursue a claim for intentional infliction of emotional distress in the employment context where the conduct at issue violates the FEHA, <u>that is only if the plaintiff satisfies the elements of the FEHA claim</u>. *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 945 (2017). Here, Plaintiff does not. He describes conduct in the form of removing job duties, unfairly criticizing him, yelling at him about his work, not investigating his claims to his satisfaction, and ultimately terminating his employment, all of which are not "extreme or outrageous" and none of which are factually tied to any FEHA protected status or conduct.

Plaintiff cites to *Bejarano v. Int'l Paper Co.* to argue that discriminatory conduct prohibited under FEHA can form the basis of an IIED claim. However, in *Bejarano*, the court made clear "harassment and discriminatory conduct prohibited under FEHA can be the basis for a claim of intentional infliction of emotional distress, where such conduct has taken on the required degree of outrageousness and the other elements of the cause of action are met." *Bejarano v. Int'l Paper Co.*, No. 1:13-cv-01859-AWI-GSA, 2015 U.S. Dist. LEXIS 8021 at *33-34 (USDC ED Cal. Jan. 23, 2015). Such is not the case here

Without facts detailing outrageous conduct beyond the bounds of human decency, Plaintiff's IIED claim must be dismissed.

///

### H. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND.

Although courts exercise discretion in granting leave to amend, leave should be denied where any amendment would be futile, or an amended complaint would also be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus*., Inc., 912 F.2d 291, 296 (9th Cir. 1990); *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 538 (9th Cir. 1989)). Allowing Plaintiff to amend his FAC would be futile because he has already been given a chance to cure the deficiencies at issue and failed to do so. Instead, he sprinkled in legal conclusions amongst the same set of facts because there are no actual, additional facts that would support the claims at issue. Allowing Plaintiff to again amend his FAC will only result in failure to cure any deficiencies and therefore he should not be granted leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's second, third, fourth, fifth and seventh causes of action without leave to amend.

DATED: March 29, 2024                                    JACKSON LEWIS P.C.

By: _____
Alison L. Lynch
Andrew J. Kozlow
Donald E. English, Jr.
Parth P. Jani

Attorneys for Defendant
PFIZER, INC., TARA PALESH,
JEFF SCOTT and ERIC EICHINGER

4878-3769-2259, v. 5

# PROOF OF SERVICE

**FEDERAL DISTRICT COURT OF THE STATE OF CALIFORNIA**

**CASE NAME:** *Han vs. Pfizer Inc., et al*

**CASE NUMBER: 3:23-cv-03908 (AMO)**

I am employed in the County of ORANGE, State of California. I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, CA 92618.

On March 29, 2024, I served the foregoing document(s) described as:

**DEFENDANT PFIZER INC.'S REPLY TO PLAINTIFF'S OPPOSITION RE MOTION TO DISMISS FIRST AMENDED COMPLAINT** in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael Alder, Esq.<br>Zulma A. Munoz, Esq.<br>ALDERLAW, PC<br>12800 Riverside Drive, 2nd Floor<br>Valley Village, CA 91607 | Attorneys for Plaintiff,<br>***FRANK HAN***<br><br>Tel :   (310) 275-9131<br>Fax :  (310) 275-9132<br>Email : cmalder@alderlaw.com<br>          zmunoz@alderlaw.com<br>          mbrown@alderlaw.com |
| Steven M. Sweat, Esq.<br>STEVEN M. SWEAT, PERSONAL INJURY LAWYERS, APC<br>11500 W Olympic Blvd. Suite 400<br>Los Angeles CA 90064 | Tel :   (323) 944-0993<br>Fax :  (323) 592-3163<br>Email : ssweat@stevensweatapc.com |

☒ **BY NOTICE OF ELECTRONIC FILING**: The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E).

☒ **FEDERAL** - I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 29, 2024, at Irvine, California.

_____
Aracely Escobedo

4878-3769-2259, v. 5

CASE NO.:                 1                 PROOF OF SERVICE